IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| REBECCA BROWN, AUGUST TERRENCE ROLIN, STACY JONES-NASR, and MATTHEW BERGER on behalf of themselves and all others similarly situated,<br><br>            Plaintiffs,<br><br>v.<br><br>TRANSPORTATION SECURITY ADMINISTRATION; DAVID P. PEKOSKE, Administrator, Transportation Security Administration, in his official capacity; DRUG ENFORCEMENT ADMINISTRATION; TIMOTHY J. SHEA, Acting Administrator, Drug Enforcement Administration, in his official capacity; STEVE DAWKIN, Agent, Drug Enforcement Administration, in his individual capacity; and UNITED STATES OF AMERICA,<br><br>            Defendants. | Civil Action No. 20-64<br><br>Judge Marilyn J. Horan<br>Magistrate Judge Lisa Pupo Lenihan |

**OPINION OF THE COURT**

This case was originally referred to United States Magistrate Judge Lisa Pupo Lenihan for pretrial proceedings in accordance with the Magistrate Judges Act, 28 U.S.C. § 636(b)(1)(A) and (B), and Rule 72 for the Local Rules for Magistrate Judges.  On January 7, 2021, the Magistrate Judge issued a Report and Recommendation, recommending that the Government Defendants' Motion to Dismiss, ECF No. 55, be denied as to Counts I through III and granted as to Count IV and that Defendant Dawkin's Motion to Dismiss, ECF No. 47, be granted.  (ECF No. 66).  The parties were informed that written Objections to the Report and Recommendation were due by February 11, 2021.  (ECF No. 68).  Government Defendants, Transportation

Security Agency (TSA), Drug Enforcement Agency (DEA), TSA Administrator David P. Pekoske, and DEA Acting Administrator Timothy J. Shea, and the United States, filed timely written Objections regarding the Magistrate Judge's decision to deny Counts I through III of their Motion to Dismiss.  (ECF No. 72).  Plaintiffs, Rebecca Brown, Auguste Terrence Rolin, Stacy Jones-Nasr, and Matthew Berger, filed timely written Objections regarding the Magistrate Judge's decision to grant Agent Dawkin's motion to dismiss their Fourth Amendment *Bivens* claim.  (ECF No. 71).  DEA Agent Steve Dawkin filed timely written Objections regarding the Magistrate Judge's application, though not the result, of the Plaintiffs' *Bivens* claim against him in his individual capacity as well as the Magistrate Judge's decision regarding qualified immunity.  (ECF No. 70).

For the reasons that follow, and after *de novo* review, the Court finds that the written Objections do not undermine the recommendation of the Magistrate Judge, except as provided herein.  The Court will adopt the Report and Recommendation as the Opinion of the Court to deny the Government Defendants' Motion to Dismiss Counts I through III and to grant said Motion as to Count IV.  However, the Court will not adopt the entire Report and Recommendation as the Opinion of the Court regarding the new *Bivens* context, but will still grant Agent Dawkin's Motion to Dismiss Count V.  The Court will likewise reject the Report and Recommendation's qualified immunity analysis as moot in light of the dismissal of Count V, the only claim against Agent Dawkin.

I.      DISCUSSION

The filing of timely objections requires the district judge to "make a de novo determination of those portions of the report . . . to which objection is made."  28 U.S.C. § 636(b)(1); *Sample v. Diecks*, 885 F.2d 1099, 1106 n.3 (3d Cir. 1989); Fed. R. Civ. P. 72(b)(3).

Initially, the Court finds no error in the Magistrate Judge's application of the standard of law. The Government Defendants have articulated three Objections to the Magistrate Judge's Report and Recommendation regarding Counts I through III of their Motion to Dismiss. The Plaintiffs have articulated three Objections and Agent Dawkin has articulated two Objections to the Magistrate Judge's Report and Recommendation regarding Agent Dawkin's Motion to Dismiss. Although Agent Dawkin agrees with his dismissal from the case, he argues the Magistrate Judge's analysis and interpretation of the applicable law was flawed. Each Objection will be addressed in turn.

### A. Government Defendants' Objections

The Government Defendants' Objections contend that Counts I through III of the Plaintiffs' Amended Complaint should have been dismissed. The Government Defendants argue that the Plaintiffs lack standing and that this Court lacks jurisdiction to consider the Plaintiffs' claims. Finally, they assert that the Amended Complaint fails to state a claim for which relief can be granted.

#### 1. Plaintiffs' Standing

As regards standing, Plaintiffs have alleged that they wish to travel with large amounts of cash and, because of TSA's alleged seizure policies, they are forced to refrain from traveling with such cash. (ECF No. 66, 3). Pursuant to *Clapper v. Amnesty International USA*, 568 U.S. 398, 414 n.5 (2010), standing can be found based on a "substantial risk" that the alleged harm will occur rather than a "certainly impending" standard. (ECF No. 66, 4). Judge Lenihan was correct in concluding that the Plaintiffs' allegations of cash seizures rose above the level of "a handful of incidents" to qualify for standing under a substantial risk standard. As such, the Government Defendants' Objection, that the Plaintiffs lack standing, will be overruled.

      2.      **Jurisdiction**

As regards this Court's jurisdiction, the Government Defendants maintain that jurisdiction lies with the United States District Court for the Third Circuit Court of Appeals. (ECF No. 72, 9).  While 49 U.S.C. § 46110 confers jurisdiction to the Circuit Courts of Appeals for judicial review of a TSA order, this statute contemplates jurisdiction over formal administrative orders rather than informal policies or practices. The Plaintiffs' First Amended Complaint challenges an informal TSA policy rather than any formal administrative order.  (ECF No. 66, 7-8). As such, the Government Defendants' objection, asserting that this Court lacks jurisdiction to hear the Plaintiffs' claims, is overruled.

      3.      **Failure to State a Claim Upon Which Relief Can Be Granted**

The Government Defendants' next Objection argues that the Magistrate Judge erred in recommending that the Plaintiffs' substantive claims for relief should not be dismissed pursuant to Rule 12(b)(6).  (ECF No. 72, 12).  The Government Defendants characterize the Plaintiffs allegations of cash seizures as a series of "isolated incidents" rather than a consistent agency practice.  (ECF No. 72, 13-14).  The Plaintiffs have alleged at least 40 incidents of cash seizures, which suggests a regular pattern of conduct which, at this stage, is sufficient to survive the Government Defendants' Motion to Dismiss.  (ECF No. 75, 17).  Therefore, the Government Defendants' Objection is overruled.

    B.      **Plaintiffs' and Defendant Dawkin's Objections**

Plaintiffs, Terrence Rolin and Rebecca Brown, and Defendant, Agent Steve Dawkin, each filed objections to the Report and Recommendation concerning Agent Dawkin's Motion to Dismiss.  The Plaintiffs challenge three aspects of the Report and Recommendations. They challenge the Magistrate Judge's (1) finding of qualified immunity regarding the seizure of Ms.

Brown's person, (2) application of the *Bivens* framework as regards Defendant Dawkin, and (3) analysis of special factors within the *Bivens* framework. Agent Dawkin's Objections agree with the Recommendation to grant his Motion to Dismiss Count V, which dismissed him from the case. However, Agent Dawkin objects to the Magistrate Judge's qualified immunity analysis regarding the alleged seizure of Plaintiffs' cash. Agent Dawkin also objects to the Magistrate Judge's application of the new context analysis of the *Bivens* framework. This Opinion will discuss the *Bivens* analysis before turning to the issue of qualified immunity.

      1.    ***Bivens* Analysis**

Both the Plaintiffs and Agent Dawkin object that the Magistrate Judge incorrectly applied the *Bivens* framework. (ECF No. 70, 3; ECF No. 71, 12). As a threshold matter, the Report and Recommendation was correct in noting that "[a]lthough *Bivens* has become 'a fixed principle in the law,' its judicial expansion is 'disfavored,' and accordingly *Bivens* is not to be extended to a "new context' if 'special factors' counsel hesitation. *Ziglar v. Abbasi*, 137 S. Ct. 1843, 1857 (2017)." (ECF No. 66, 15). The Supreme Court has explained the proper framework for the *Bivens* analysis:

> When asked to extend *Bivens*, we engage in a two-step inquiry. We first inquire whether the request involves a claim that arises in a new context or involves a new category of defendants. . . . When we find that a claim arises in a new context, we proceed to the second step and ask whether there are any 'special factors that counsel hesitation' about granting the extension.

*Hernandez v. Mesa*, 140 S. Ct. 735, 743 (2020). The Supreme Court has also offered guidance as to whether a case presents a new *Bivens* context:

> If the case is different in a meaningful way from previous *Bivens* cases decided by this Court, then the context is new. . . . A case might differ in a meaningful way because of the rank of the officers involved; the constitutional right at issue; the generality or specificity of the official action; the extent of judicial guidance as to how an officer should respond to the problem or emergency to be confronted; the

>statutory or other legal mandate under which the officer was operating the risk of disruptive intrusion by the Judiciary into the functioning of other branches . . . .

*Abbasi*, 137 S. Ct. at 1859-60. Although these factors are instructive, they do not present an "exhaustive list" for determining whether a case presents a new *Bivens* context. *Id.*

The Magistrate Judge noted that "Count V of the FAC presents a 'classic' *Bivens* case – an asserted Fourth Amendment violation in a routine law enforcement context." (ECF No. 66, 15). Having given thorough analysis to the history, context, and development of the law concerning *Bivens* claims, this Court disagrees with the Magistrate Judge's above premise and will therefore reject the Report and Recommendation to the extent it notes that Count V presents a "classic" *Bivens* case. The *Bivens* claim allegations against Defendant Dawkin present *Bivens* in a new context. This case is distinguishable from a classic *Bivens* case because it took place at an airport, it involved a seizure of cash, and Agent Dawkin was operating under an alleged DEA policy. Although the Plaintiffs' claim does involve their Fourth Amendment rights, this is a new *Bivens* context requiring judicial restraint. Because this is a new *Bivens* context, the Court must next conduct the special factors analysis to determine if it is appropriate to extend *Bivens* in this case.

After noting that the Plaintiffs' claim was a classic *Bivens* case, the Magistrate Judge's report performed and applied the special factors analysis and concluded that "in the final analysis, the intended forfeiture setting and the alleged controlling policy . . . and the associated prospect of administrative and/or injunctive relief constitutes a sufficiently weighty special factor to bar an implied damages remedy." (ECF No. 66, 18). Accordingly, the Magistrate Judge's Report and Recommendation correctly recommended that there is no legal basis to recognize a *Bivens* claim in this case and that Defendant Dawkin's Motion to Dismiss Count V of the First Amended Complaint be granted. As such, the Plaintiffs' Objection is overruled as to the Report

6

and Recommendation rejecting their *Bivens* claim, and the Defendant Dawkin's Objection to the Magistrate's reference that Count V presents a classic Bivens case is sustained such that said reference is rejected and the Recommendation for dismissal of Count V will be accepted.

      2.      **Qualified Immunity**

Plaintiffs object to the Magistrate Judge's finding of qualified immunity to dismiss Ms. Brown's claim against Defendant Dawkin for his seizure of her person. (ECF No. 71, 7). Agent Dawkin objects to the Magistrate Judge's qualified immunity analysis for the seizure of the Plaintiffs' cash. (ECF No. 70, 6). The Magistrate Judge performed her qualified immunity analysis before she assessed the viability of Plaintiffs' *Bivens* claim against Agent Dawkin. The *Bivens* analysis is a threshold inquiry, which should be addressed first prior to a qualified immunity analysis involving the resolution of constitutional issues. *Bistrian v. Levi*, 912 F.3d 79, 88-89 (3d Cir. 2018). As Agent Dawkin points out in his Objections, resolving the *Bivens* claim prior to discussing the issue of qualified immunity "is in line with the principle of constitutional avoidance, which 'generally counsel[s] against resolving constitutional issues when the parties' dispute can be resolved on other grounds.' *United States v. Norwood*, 819 F. App'x 124, 125-26 (3d Cir. 2020)." (ECF No. 70, 7). In light of the Recommendation for dismissal of Count V, the qualified immunity analysis should not have been performed. Because the Magistrate Judge should have first examined the *Bivens* claim and then only assessed the qualified immunity defense if the *Bivens* claim survived, this Court rejects the qualified immunity portion of the Report and Recommendation. Because the *Bivens* analysis resolved Agent Dawkin's Motion to Dismiss Count V, the Plaintiffs' and Mr. Dawkin's respective Objections to the rejected aspects of the Report and Recommendation concerning qualified immunity are moot.

## II. CONCLUSION

Following a thorough review of the record, except for the following aspects of the Report and Recommendation which are being rejected, this Court concurs with and accepts the Magistrate Judge's Report and Recommendation. The Report and Recommendation will be rejected as regards: (1) the Magistrate Judge's Report and Recommendation which notes this case as a classic *Bivens* claim, and (2) the Magistrate Judge's Report and Recommendation regarding qualified immunity in relation to the dismissed Count V *Bivens* claims. Accordingly, with the acceptance of the remainder of the Report and Recommendation, the Government Defendants' Motion to Dismiss will be denied for Counts I through III and will be granted for Count IV. Agent Dawkin's Motion to Dismiss at Count V will be granted. A separate order to follow.

DATE: March 30, 2021

Marilyn J. Horan
United States District Judge

cc: Honorable Lisa Pupo Lenihan
United States Magistrate Judge

All Counsel of Record via CM-ECF