**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| REBECCA BROWN, *et al.*, <br><br> *Plaintiffs*, <br><br> v. <br><br> TRANSPORTATION SECURITY ADMINISTRATION, *et al.*, <br><br> *Defendants*. | Civil Action No. 2:20-cv-64-MJH-LPL <br><br> **FED. R. CIV. P. 26(F) JOINT REPORT OF THE PARTIES (CLASS ACTION)** |

### FED. R. CIV. P. 26(F) JOINT REPORT OF THE PARTIES (CLASS ACTION)

**1.   Identification of counsel and unrepresented parties.**

| | |
|---|---|
| Dan Alban <br> dalban@ij.org <br> Jaba Tsitsuashvili <br> jtsitsuashvili@ij.org <br> INSTITUTE FOR JUSTICE <br> 901 North Glebe Rd., Suite 900 <br> Arlington, VA 22203 <br> Tel.: (703) 682-9320 <br> Fax: (703) 682-9321 <br><br> *Attorneys for Plaintiffs* | Elizabeth Tulis <br> elizabeth.tulis@usdoj.gov <br> Galen N. Thorp <br> galen.thorp@usdoj.gov <br> United States Department of Justice <br> Civil Division, Federal Programs Branch <br> 1100 L Street NW <br> Washington, D.C. 20530 <br> Tel: (202) 514-9237 <br> Fax: (202) 616-8470 <br><br> *Counsel for Government Defendants* |

**2.   Set forth the general nature of the case (anti-trust, consumer finance, securities, employment, etc.):** Nationwide class action seeking to enjoin alleged personal seizure and cash seizure policies of the Transportation Security Administration (TSA) and Drug Enforcement Administration (DEA) as ultra vires and unconstitutional.

**3.   Date Rule 26(f) Conference was held, the identification of those participating therein and the identification of any party who may not yet have been served or entered an appearance as of the date of said Conference:** April 12, 2021; Dan Alban and Jaba Tsitsuashvili participated for Plaintiffs; Elizabeth Tulis participated for Defendants.

**4.   Date of Rule 16 Initial Scheduling Conference as scheduled by the Court:** April 22, 2021 at 10:00.

5. **Identify any party who has filed or anticipates filing a dispositive motion pursuant to Fed. R. Civ. P. 12 and the date(s) by which any such anticipated motion may be filed:** Defendants moved to dismiss Counts 1 through 5 of Plaintiffs' First Amended Complaint pursuant to Rules 12(b)(1) and 12(b)(6). On March 30, 2021, the Court denied the motion to dismiss Counts 1, 2, and 3. The Court dismissed Counts 4 and 5.

6. **Designate the specific Alternative Dispute Resolution (ADR) process the parties have discussed and selected, if any, and specify the anticipated time frame for completion of the ADR process. Set forth any other information the parties wish to communicate to the court regarding the ADR designation:** The parties are in agreement that ADR proceedings would not be fruitful at this time.

7. **Set forth any change that any party proposes to be made in the timing, form or requirements of Fed. R. Civ. P. Rule 26(a) disclosures, whether such change is opposed by any other party, whether any party has filed a motion seeking such change and whether any such motion has been ruled on by the Court:** At the Rule 26(f) conference, the parties agreed to exchange initial disclosures on or before May 14, 2021. Unless required by the Court, the parties do not anticipate filing any motions regarding this change from the default disclosure date of April 26, 2021.

8. **Discovery prior to Class Certification must be sufficient to permit the Court to determine whether the requirements of Fed. R. Civ. P. Rule 23 are satisfied, including a preliminary inquiry into the merits of the case to ensure appropriate management of the case as a Class Action. However, in order to ensure that a class certification decision be issued at an early practicable time, priority shall begiven to discovery on class issues. Once Class Certification is decided, the Court may, upon motion of a party, enter a second scheduling and discovery order, if necessary.**

9. **Subjects on which class certification discovery may be needed. (By executing this report, no party shall be deemed to (1) have waived the right to conduct discovery on subjects not listed herein or (2) be required to first seek the permission of the Court to conduct discovery with regard to subjects not listed herein):**

   **Plaintiffs' position:** The categories of documents, witnesses, and scope of testimony will largely overlap with respect to class certification discovery and merits discovery because this case is fundamentally about whether the Defendant agencies have policies, practices, or patterns of ultra vires and unconstitutional conduct, and how those policies, practices, or patterns of conduct affect the two putative plaintiff classes. The merits of the case and class certification therefore depend on similar underlying facts. Accordingly, Plaintiffs believe that the interests of efficiency and adequacy of discovery are best served by conducting class certification discovery and merits discovery simultaneously. There is no need to consume unnecessary time and resources by going through two rounds of written discovery and having the same witnesses sit for multiple depositions for the sake of an artificially bifurcated discovery process.

Plaintiffs anticipate seeking from both TSA and DEA, for purposes of class and merits discovery simultaneously: (1) documents and testimony regarding policies, protocols, standard operating procedures, manuals, and directives related to Plaintiffs' claims (e.g., treatment of air travelers with "bulk cash" or large" amounts of cash, including amounts over specific thresholds such as $5,000 or $10,000; seizures of cash, temporary or permanent; related seizures of travelers and/or their luggage); (2) documents and testimony regarding training and training materials related to same; (3) documents and testimony regarding records and reports related to individual cash seizures at airports; (4) documents and testimony regarding records and reports of agency personnel encounters with travelers in possession of "large" amounts of cash and any other interactions with travelers related to Plaintiffs' claims; (5) documents and testimony regarding records and materials related to informants providing tips related to airport cash seizures, including TSA employees providing tips to DEA and including policies and procedures for such tips and compensation for same; (6) documents and testimony from personnel responsible for developing, overseeing, and implementing the policies, practices, procedures, directives, trainings, and records related to Plaintiffs' claims.

**Defendants' position:** Defendants agree that there may be a large overlap between discovery related to the merits of this action and discovery on the class certification question. However, the scope of discovery proposed by Plaintiffs is overbroad, as to both class certification and merits. As set forth more fully below, Defendants propose a period of limited discovery, to be followed by summary judgment briefing on the question of whether the policies alleged by Plaintiffs exist. If the Court denies Defendants' motion for summary judgment, the parties can then brief the class certification issue.

Discovery in this case should be very limited. Plaintiffs' remaining causes of action are all Administrative Procedure Act ("APA") claims. APA actions are almost always decided on an administrative record without discovery. This action is unusual in that Plaintiffs' claims challenge putative policies that Defendants maintain do not exist.

Accordingly, since there can be no administrative record for a non-existent policy, Defendants are prepared to present declarations establishing the non-existence of the alleged policies in support of their anticipated motion for summary judgment, which should be sufficient to adjudicate this issue. To the extent Plaintiffs are entitled to any discovery prior to summary judgment briefing, such discovery must go to the questions at issue: whether the alleged unlawful policies exist. To that end, discovery could reasonably include a limited number of depositions under Fed. R. Civ. P. 30(b)(6), during which Plaintiffs could question agency representatives about the putative policies alleged in the complaint, and written discovery on TSA and DEA policies related to the subjects that are the focus of Plaintiffs complaint, i.e., cash and personal seizures at airports.

On the class certification issue, Defendants would also seek to depose the named Plaintiffs and serve written discovery requests with respect to the allegations in the complaint regarding those individuals' travel habits and personal encounters with TSA Screeners and/or DEA agents, and regarding the named Plaintiffs' purported knowledge of agency policies.

10. **Set forth suggested dates for the following:**

    a. **Date(s) on which disclosures required by Fed. R. Civ. P. 26(a) have been or will be made:** May 14, 2021.

    b. **Date by which any additional parties shall be joined:**

       **Plaintiffs' position:** January 14, 2022.
       **Defendants' position:** September 14, 2021

    c. **Date by which the pleadings shall be amended:**

       **Plaintiffs' position:** January 14, 2022.
       **Defendants' position:** No further amendment of the complaint absent motion.

    d. **Date by which class certification discovery shall be completed:**

       **Plaintiffs' position:** April 22, 2022 (same as completion of merits discovery).
       **Defendants' position:** December 30, 2021

    e. **Date by which plaintiffs' expert reports as to class certification shall be filed:**

       **Plaintiffs' position:** December 22, 2021
       **Defendants' position:** September 30, 2021

    f. **Date by which defendants' expert reports as to class certification shall be filed:**

       **Plaintiffs' position:** January 21, 2022.
       **Defendants' position:** October 30, 2021

    g. **Date by which depositions of class certification experts must be completed:**

       **Plaintiffs' position:** April 22, 2022.
       **Defendants' position:** November 30, 201

    h. **Plaintiffs' Motion for Class Certification, Memorandum in Support, and all supporting evidence shall be filed by:**

       **Plaintiffs' position:** June 22, 2022.
       **Defendants' position:** 30 days after decision on motion for summary judgment, if motion denied.

    i. **Defendants' Memorandum in Opposition to Class Certification and all supporting evidence shall be filed by:**

      **Plaintiffs' position:** July 22, 2022.
      **Defendants' position:** 30 days after class certification motion filed.

j. **Plaintiffs' Reply Memorandum in support of class certification, if any, shall be filed by:**

      **Plaintiffs' position:** August 12, 2022.
      **Defendants' position:** 14 days after Defendants' opposition filed.

k. **The Class Certification hearing shall be as scheduled by the Court.**

11. After the resolution of the motion for class certification, the Court shall hold a Post-Certification Determination Conference to discuss how the case shall proceed in light of the disposition of the Class motion. If the parties wish to establish a schedule for post-Class Certification pretrial matters at this time, set forth suggested dates for the following:

    a. **Date by which fact discovery should be completed:**

      **Plaintiffs' position:** April 22, 2022 (same as completion of class certification discovery).
      **Defendants' position:** As set forth above, Defendants plan to file an early motion for summary judgment, which could obviate the need for class certification briefing. Defendants propose that fact discovery be completed by September 30, 2021.

    b. **Date by which plaintiff's expert reports should be filed:**

      **Plaintiffs' position:** December 22, 2021.
      **Defendants' position:** September 30, 2021
      Plaintiffs' counsel previously represented to Defendants' counsel that Plaintiffs do not plan to serve expert disclosures in this case. Defendants therefore view the expert discovery deadlines as contingent on Plaintiffs changing their position on this issue.

    c. **Date by which depositions of plaintiff's expert(s) should be completed:**

      **Plaintiffs' position:** April 22, 2022.
      **Defendants' position:** October 30, 2021

    d. **Date by which defendant's expert reports should be filed:**

      **Plaintiffs' position:** January 21, 2022.
      **Defendants' position:** November 30, 2021

    e. **Date by which depositions of defendant's expert(s) should be completed:**

       **Plaintiffs' position:** April 22, 2022.
       **Defendants' position:** December 30, 2021

    f.   **Date by which third party expert's reports should be filed:**

       **Plaintiffs' position:** January 21, 2022.
       **Defendants' position:** n/a
       Defendants are not aware that any third parties plan to file expert reports.

    g.   **Date by which depositions of third party's experts should be completed:**

       **Plaintiffs' position:** April 22, 2022.
       **Defendants' position:** n/a

12.   **If the parties agree that changes should be made to the limitations on discovery imposed by the Federal Rules of Civil Procedure or Local Rule or that any other limitations should be imposed on discovery, set forth such changes or limitations:** The parties agree that protective orders may be necessary to facilitate the production and protection of confidential or private information, but have not identified a need for a protective order at this time.

    **Defendants' additional statement:** Defendants also note that the discovery sought by Plaintiffs may implicate TSA records that constitute Sensitive Security Information ("SSI"). SSI is a sensitive but unclassified designation, 49 U.S.C. § 114(r); 49 C.F.R. part 1520, which prohibits the disclosure of information implicating transportation security to parties who are not approved to receive SSI ("covered parties") and who have no transportation-security-related need to know, 49 C.F.R. §§ 1520.7, 1520.11. Before records containing SSI could be produced to Plaintiffs, those records would have to be reviewed in order to ensure that any SSI contained therein is identified and redacted (to the extent redaction is possible), or Plaintiffs would need to seek access to such information via statutorily prescribed procedures, which would include showing the need for the SSI in question relative to the case, the inability to obtain an alternative to the SSI, and additional steps such as a criminal history check and a terrorist assessment. Department of Homeland Security Appropriations Act, 2007, Pub. L. No. 109-295, § 525(d), 120 Stat. 1382 (Oct. 4, 2006), *as reenacted.* To the extent Plaintiffs took issue with TSA's determination that particular information would be withheld as SSI, their only recourse would be to seek review at the U.S. Court of Appeals pursuant to a petition for review of TSA's final order establishing that the information at issue is SSI and cannot be released, rather than in this Court. *See* 49 U.S.C. § 46110(a).

13.   **Please answer the following questions in regard to the discovery of electronically stored information ("ESI"):**

    a.   <u>**ESI.**</u> **Is either party seeking the discovery of ESI in this case?**
        ☒    Yes    ☐    No [If "No," skip to sub-part (e) below.]

b. **ESI Discovery Plan.** The parties have reviewed and discussed the Court's Checklist for Rule 26(f) Meet and Confer Regarding Electronically Stored Information set forth in "Appendix LCvR 26.2.C-CHECKLIST" to the Local Rules and:

- ☐ Have agreed that, in light of the facts and issues in this case, there is no need to complete an ESI discovery plan, and will conduct e-discovery by_____.

- ☐ Have developed an ESI discovery plan (as attached).

- ☒ Will have an ESI discovery plan completed by May 28, 2021.

    **NOTE: At the direction of the court, parties may be required to submit a draft of the Stipulated Order re: Discovery of Electronically Stored Information for Standard Litigation set forth in "Appendix LCvR 26.2.E-MODEL ORDER" to the Local Rules, to address specific issues relative to the parties' exchange of electronic discovery and ESI. If the parties are unable to do so, they should advise the Court promptly.**

c. **Preservation.** Have the parties agreed on any protocol for the preservation of electronic data and/or potentially relevant ESI?
   ☐ Yes   ☒ No

d. **ADR.** Does any party believe that the exchange of ESI is necessary prior to conducting meaningful Alternative Dispute Resolution (ADR) in this case?
   ☐ Yes   ☒ No

e. **Clawback Agreement.** The parties have reviewed F.R.C.P. 26(b)(5), F.R.E.502 and LCvR 16.1.D., Procedures Following Inadvertent Disclosure, and:

- ☒ Request the Court enter an Order implementing Federal Rule of Evidence 502(d) such as the model Order set forth in "Appendix LCvR 16.1.D" to the Local Rules and filed with this Report.

- ☐ Have agreed on alternative non-waiver language, which either is or will be incorporated within the ESI discovery plan.

- ☐ Are unable to agree on appropriate non-waiver language.

f. **EDSM and E-Mediator.** Does any party believe that the appointment of an E-Discovery Special Master ("EDSM") or E-Mediator (http://www.pawd.uscourts.gov/ed-information) would help resolve ESI discovery issues in this case?
   ☐ Yes   ☐ No   ☒ Unclear at this time

      g.      **Other.** Identify all outstanding disputes concerning any ESI issues:

            **Plaintiffs' position:** Plaintiffs' discovery categories 3, 4, and 5 in Question 9 above require Defendants' search and production of ESI. It is possible that follow-up discovery or other discovery categories may also require Defendants' search and production of ESI.
            **Defendants' position:** For the reasons set forth below, Defendants maintain that discovery categories (3) and (4), and (5) in part, are outside the scope of reasonable discovery in this action.

14.    **Set forth whether the parties have elected to schedule the Post-Discovery Status Conference following the completion of Fact Discovery or Expert Discovery; in either event the parties shall be prepared at the Post-Discovery Status Conference to discuss and/or schedule the following:**

      a.      **Settlement and/or transfer to an ADR procedure:** The parties are in agreement that settlement or ADR proceedings are unlikely to be fruitful even after the close of discovery.

      b.      **Dates for the filing of expert reports and the completion of expert discovery as itemized in sub-paragraphs 11.b. through 11.h., above, if the parties elected to defer such discovery until after the Post-Discovery Status Conference:**

            **Plaintiffs' position:** Such discovery need not be deferred; it should be completed by the dates listed above.
            **Defendants' position:** In conferring with Plaintiffs' counsel, Defendants' counsel asked whether Plaintiffs expected to engage in expert discovery, and Plaintiffs' counsel answered in the negative. Accordingly, Defendants understand the specified dates for expert discovery above to be included merely to preserve the option of Plaintiffs' retaining an expert, in which case Defendants would want the opportunity to serve responsive expert report(s).

      c.      **Dates by which dispositive motions pursuant to Fed. R. Civ. P. 56, replies thereto and responses to replies should be filed:**

            **Plaintiffs' position:** Motions for summary judgment: August 23, 2022. Oppositions to motions for summary judgment: September 21, 2022. Replies in support of summary judgment: October 13, 2022.
            **Defendants' position:** Defendants plan to serve a motion for summary judgment as soon as possible. If Plaintiffs do not serve an expert report, Defendants propose to file their motion by October 30, 2021. If Plaintiffs do serve an expert report, Defendants will file their motion by January 31, 2022.

      d.      **Dates by which parties' pre-trial statements should be filed:** The parties are in agreement that this should be determined at a later date.

    e.    **Dates by which *in limine* and *Daubert* motions and responses thereto should be filed:** The parties are in agreement that this should be determined at a later date.

    f.    **Dates on which motions *in limine* and *Daubert* motions shall be heard:** The parties are in agreement that this should be determined at a later date.

    g.    **Dates proposed for final pre-trial conference:** The parties are in agreement that this should be determined at a later date.

    h.    **Presumptive and final trial dates:** The parties are in agreement that this should be determined at a later date.

15. **Set forth any other order(s) that the parties agree should be entered by the court pursuant to Fed. R. Civ. P. 16(b) or 26(c):** The parties anticipate filing proposed protective orders as may be necessary to facilitate the production and protection of confidential or private information, but at this time have not identified a need for any protective orders.

16. **Set forth whether the parties anticipate that the court may have to appoint a special master to deal with any matter and if so, specify the proposed role of any such master and any special qualifications that such master may require to perform such role:** No.

17. **If the parties have failed to agree with regard to any subject for which a report is required as set forth above, except for proposed dates required in paragraph 10 and/or 11, above, briefly set forth the position of each party with regard to each matter on which agreement has not been reached:**

The parties are in disagreement regarding the timing and scope of discovery.

Plaintiffs maintain that all of the categories of documents and testimony they have listed in response to Question 9 above are appropriate and necessary with respect to Plaintiffs' burdens as to both class certification and the merits of their claims, because this case is fundamentally about whether the Defendant agencies have policies, practices, or patterns of ultra vires and unconstitutional conduct, and how those policies, practices, or patterns of conduct affect the two putative plaintiff classes. The merits of the case and class certification therefore depend on similar underlying facts. Plaintiffs therefore submit that class certification discovery and merits discovery should run simultaneously, in the interests of an efficient and adequate discovery period.

Defendants maintain that the discovery necessary to resolve the remaining claims in this case and to address any class certification issues is limited, and that, unless Plaintiffs serve an expert report, discovery thus can be completed by September 30, 2021. Even if expert discovery proves necessary, any appropriate discovery could be completed by the end of the year. Defendants submit that, because Plaintiffs cannot prevail unless they can prove the existence of the purported unlawful agency policies alleged in the complaint, summary

judgment for Defendants on that issue would eliminate the need for class certification motion practice. Accordingly, Defendants submit that summary judgment briefing should commence 30 days after the close of discovery, and that the parties need not litigate class certification unless Defendants' anticipated summary judgment motion is denied.

Defendants maintain that Plaintiffs' discovery topics (3), (4), and (5) are vastly overbroad, seeking information that would be exceptionally burdensome and time-consuming to compile, and that would not aid the resolution of this action.

Under Fed. R. Civ. P. 26(b):

> Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.

Discovery topics (3), (4), and (5) proposed by Plaintiffs concern *individual* encounters between agency personnel and airport travelers and *individual* cash seizure incidents. Such information does not have a tendency to prove or disprove Plaintiffs' claims, or to establish whether the requirements for class certification are met.

There is no "pattern or practice" cause of action under the APA. Plaintiffs' claims rest on allegations that TSA has a policy of TSA screeners seizing airport travelers' persons or property based solely on the travelers' possession of large amounts of cash and after the security screening has concluded, and DEA has a policy of DEA agents seizing airport travelers' persons or property based solely on the travelers' possession of large amounts of cash, without probable cause. Defendants strongly dispute Plaintiffs' contention that the Court could reasonably infer the existence of such an agency policy based on individual encounters in which TSA or DEA personnel made such alleged seizures. However, even on that theory, the discovery proposed in topics (3), (4), and (5) would be fruitless. This is because, to qualify as the sorts of seizures that Plaintiffs allege are a matter of TSA and DEA policy, the individual encounters would have to involve conduct that in fact constituted a seizure, and that seizure would in fact have to have been executed based solely on the traveler's possession of a "large" amount of cash—which are both fact- and context-dependent issues. With respect to encounters with TSA Screeners, any seizure would also have to have occurred after the security screening concluded—another fact- and context-specific inquiry. Plaintiffs could not prove that individual encounters with TSA Screeners or DEA agents were seizures with these characteristics without individualized discovery regarding such encounters and thousands of mini trials in which the Court would weigh the incident-specific facts and evidence.

Moreover, it would be extraordinarily burdensome and time-consuming for the agencies to locate and produce the reports and other documentation of the individual incidents

described in Plaintiffs' topics (3), (4), and (5) within their systems of records. For example, because the applicable DEA databases are not organized according to the criteria defined in those topics, DEA could not, though an electronic search, capture the category of cash seizure reports sought by Plaintiffs with any degree of reliability. Further, there is a high likelihood that the expansive discovery from TSA proposed by Plaintiffs in topics (3), (4), and (5) would implicate records that constitute Sensitive Security Information ("SSI"), and the associated procedures described above in item 12.

Finally, for similar reasons, the proposed discovery regarding individual encounters and seizures would not aid Plaintiffs in establishing any of the class certification requirements. Plaintiffs' counsel have represented to Defendants' counsel that they need such documents to establish numerosity. But Plaintiffs' proposed classes are currently defined to include individuals who have been subject to the precise kinds of seizures that Plaintiffs allege are a "policy" of TSA and DEA. In other words, membership in the classes proposed by Plaintiffs in their complaint depends on whether an individual or his or her property was actually seized and whether that seizure was based solely on the individual's possession of a large amount of cash—which, as noted above, could only be established via individualized discovery and, essentially, thousands of mini trials. Thus, the discovery from TSA and DEA proposed in topics (3), (4), and (5) (to the extent it concerns individual incidents) would not allow Plaintiffs to establish numerosity or any other element necessary for class certification.

That said, if the proposed classes were instead defined to include, for instance, airport travelers who carry $10,000 or more in cash, or airport travelers whose cash has been seized at the airport by DEA, Defendants would stipulate that the proposed classes met the numerosity threshold for purposes of Rule 23(a), obviating any need for discovery on that element.

18. **Set forth whether the parties have considered the possibility of settlement of the action and describe briefly the nature of that consideration:** The parties are in agreement that settlement is unlikely.

| | |
|---|---|
| Dated:  April 20, 2021 | Respectfully submitted, |
| /s/ Dan Alban<br>Dan Alban*<br>VA Bar No. 72688 | BRIAN M. BOYNTON<br>Acting Assistant Attorney General |
| Jaba Tsitsuashvili*<br>DC Bar No. 1601246 | STEPHEN R. KAUFMAN<br>Acting United States Attorney |
| INSTITUTE FOR JUSTICE<br>901 North Glebe Rd., Suite 900<br>Arlington, VA 22203<br>(703) 682-9320<br>(703) 682-9321 (fax)<br>dalban@ij.org<br>jtsitsuashvili@ij.org | BRIGHAM J. BOWEN<br>Assistant Director<br>Civil Division, Federal Programs Branch<br><br>/s/ Elizabeth Tulis<br>ELIZABETH TULIS*<br>Trial Attorney<br>GALEN N. THORP<br>Senior Trial Counsel |
| *Attorneys for Plaintiffs* | United States Department of Justice<br>Civil Division, Federal Programs Branch |
| *Admitted *Pro Hac Vice* | 1100 L Street NW<br>Washington, D.C. 20530<br>Tel: (202) 514-9237 / Fax: (202) 616-8470<br>elizabeth.tulis@usdoj.gov |
| | *Counsel for Government Defendants* |
| | *Admitted *pro hac vice* |

## CERTIFICATE OF SERVICE

I hereby certify that on April 20, 2021, a true and correct copy of the foregoing document was filed electronically with the Clerk of Court using the CM/ECF System, which will send a notice of electronic filing to all counsel of record.

/s/ Dan Alban