IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA
PITTSBURGH

| | | |
|---|---|---|
| REBECCA BROWN, AUGUST TERRENCE ROLIN, STACY JONES-NASR, AND MATTHEW BERGER, ON BEHALF OF THEMSELVES AND ALL OTHERS SIMILARLY SITUATED;<br><br>Plaintiffs,<br><br>vs.<br><br>TRANSPORTATION SECURITY ADMINSTRATION, DAVID P. PEKOSKE, ADMINISTRATOR, TRANSPORTATION SECUIRTY ADMINISTRATION, IN HIS OFFICIAL CAPACITY;  DRUG ENFORCEMENT ADMINISTRATION, UNITED STATES OF AMERICA, TIMOTHY J. SHEA, ACTING ADMINISTRATOR, DRUG ENFORCEMENT ADMINISTRATION, IN HIS OFFICIAL CAPACITY; AND STEVE DAWKIN, AGENT, DRUG ENFORCEMENT ADMINISTRATION, IN HIS INDIVIDUAL CAPACITY,<br><br>Defendants. | ))))))))))))))))))))))))) | 2:20-CV-00064-MJH<br><br>Magistrate Judge Lenihan |

## INITIAL SCHEDULING ORDER

**AND NOW**, this 22nd day of April 2021, **IT IS HEREBY ORDERED** that this action is placed under Local Rule 16.1 for pretrial proceedings and all provisions of the Rule will be strictly enforced.

**IT IS FURTHER ORDERED** that counsel shall confer with their clients prior to all case management, status or pretrial conferences to obtain authority to participate in settlement negotiations to be conducted by the Court.  Counsel are encouraged to instruct the principals to

be available by telephone to facilitate the amicable resolution of all litigation.

      **IT IS FURTHER ORDERED** that compliance with provisions of Rule 16 shall be completed as follows:

1. Initial disclosures pursuant to Fed. R. Civ. P. 26(a) shall be made by **May 14, 2021.**

2. Amendments to the pleadings and joinder of additional parties will be completed by **September 30, 2021.**

3. The ADR process is deferred at the request of all parties until a later date.

4. By **September 30, 2021** the parties shall complete class and merits fact discovery on the topics identified in (1), (2), (6) and the policy portions of (5) as described in Plaintiffs' position in paragraph 9 of the parties' 26(f) Report at ECF No. 83.  All interrogatories, depositions and requests for admissions and/or production of documents shall be served within sufficient time to allow responses to be completed prior to the close of discovery. If the parties are unable to resolve a discovery dispute following a meet and confer, they are to contact the Court to schedule a telephone conference prior to filing a discovery related motion.

5. A telephone status conference is scheduled for **October 4, 2021 at 2:00 PM.**  At that time, a deadline and parameters will be set for the remainder of discovery as outlined in (3), (4) and the remainder of (5) of Plaintiffs' position in paragraph 9 of the parties' 26(f) Report at ECF No. 83.  Expert deadlines will also be discussed at that conference. Counsel are to call into the conference by dialing 888-363-4749 and entering the access code

       6019141. If asked for a security code, use * to bypass.

6. The Court understands Defendants intend to file a summary judgment motion on the merits prior to class certification. This motion is not to be filed until the completion of all merits discovery and a deadline will be established at the **October 4, 2021** conference.

7. Deadlines for experts and class certification will be established at a later date.

8. Procedures Following Inadvertent Disclosure ("Clawback"): Pursuant to Local Rule LCvR 16.1(D), and to aid in the implementation of Fed. R. Evid. 502, the following is ordered

a) If a party (the "Producing Party") discloses information in connection with the pending litigation that the Producing Party thereafter claims to be protected by the attorney-client privilege and/or trial preparation material protection ("Protected Information"), the disclosure of that Protected Information will not constitute or be deemed a waiver or forfeiture, in this or any other federal, state, arbitration, or any other proceeding, of any claim of privilege or protection as trial preparation material that the Producing Party would otherwise be entitled to assert with respect to the Protected Information and its subject matter.

b) The producing party must promptly notify the party receiving the Protected Information (the "Receiving Party"), in writing that it has disclosed the Protected Information without intending a waiver by the disclosure. The notification by the Producing Party shall include as

specific an explanation as possible why the Protected Information is covered by the attorney- client privilege and/or constitutes trial preparation material upon such notification, the Receiving Party must, unless it contests the claim of attorney-privilege or protection as trial preparation material, promptly notify the Producing party that it will make best efforts to identify and return, sequester or destroy (or in the case of electronically stored information, delete) the Protected Information and any reasonably accessible copies it has and provide a certification that it will cease further review, dissemination and use of the Protected Information.

c) If the Receiving Party contests the claim of attorney-client privilege or protection as trial preparation material, the Receiving Party must, within 30 days of receipt of the notification referenced above, move the Court for an Order finding that the material referenced in the notification does not constitute Protected Information. This Motion must be filed (with Court approval) under seal and cannot assert the fact or circumstances of the disclosure as a ground for determining that the material does not constitute Protected Information. Pending resolution of the Motion, the Receiving Party must not use the challenged information in any way or disclose it to any person other than as required by law to be served with a copy of the sealed Motion.

d) The parties may stipulate to extend the time periods set forth above. The Disclosing Party retains the burden of establishing the privileged or

protected nature of the Protected Information. This Order does not preclude a party from voluntarily waving the attorney-client privilege or trial preparation material protection. The provisions of Federal Rule of Evidence 502(a) apply when the Disclosing Party uses or indicates that it may use information produced under this Order to support a claim or defense.

e) Rule 502(b)(2). The failure to take reasonable steps to prevent the disclosure shall not give rise to a waiver of the privilege.

**IT IS FURTHER ORDERED** that the parties shall follow this Court's Order on Motions Practice in connection with all pretrial motions. The Court is to be contacted via telephone for any discovery disputes. The pendency of motions, including dispositive motions, will not stay the time periods set forth in, nor affect any other compliance requirements of, the Scheduling Orders.

BY THE COURT:

LISA PUPO LENIHAN
United States Magistrate Judge