IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| REBECCA BROWN, et al., ) | |
| Plaintiffs, ) | |
| v. ) | CASE NO. 2:20-cv-00064-LPL |
| TRANSPORTATION SECURITY ) ADMINISTRATION; et al., ) | |
| Defendants. ) | |

### [PROPOSED] PROTECTIVE ORDER

The Court, having been made aware that Plaintiffs Rebecca Brown, August Terrence Rolin, Stacy Jones-Nasr, and Matthew Berger and Government Defendants—the Transportation Security Administration, Drug Enforcement Administration, the heads of those agencies, and the United States—by and through their respective counsel, have agreed to the entry of this Protective Order in the above-captioned case, and good cause being shown, it is hereby **ORDERED**, pursuant to Federal Rule of Civil Procedure 26(c) that the following procedures will govern the production and/or use of such information in this action:

**I. Documents and Information Covered by this Order**

1. This Protective Order is entered for the purpose of protecting against the disclosure of sensitive law enforcement information and law enforcement investigative techniques and analysis ("Confidential Information").

2. This Protective Order governs the treatment and handling of all Confidential Information (including documents and information, answers to interrogatories, responses to

requests for production, responses to requests for admission, deposition testimony, deposition transcripts, deposition exhibits, and other written, recorded or graphic matter, and copies of the foregoing) produced in accordance with the Federal Rules of Civil Procedure or any order of the Court, by any party or witness ("producing party") to any other party in this matter.  This Protective Order does not cover information designated as Sensitive Security Information in accordance with 49 C.F.R. Part 1520.

3. Any producing party furnishing material which, in the opinion of the producing party, contains or discloses Confidential Information may designate such material as subject to this Protective Order by so marking each page of the document as "CONFIDENTIAL: SUBJECT TO PROTECTIVE ORDER," whether it be a document, information contained in a document, information revealed during a deposition, information revealed in an interrogatory answer, or otherwise.

4. All information derived from Confidential Information, even if incorporated in another document or compilation or referred to in testimony, shall remain Confidential Information and shall continue to be subject to the requirements of this Order regardless of whether such document or compilation or testimony has been marked in accordance with paragraph 1(b). With respect to hearing, deposition, or trial transcripts of testimony or argument, any party asserting that the transcript contains Confidential Information shall notify the opposing party within 30 days after the receipt of the transcript of the specific line and page numbers constituting Confidential Information.

**II.  Use and Disclosure of Confidential Information**

5. Material designated "CONFIDENTIAL: SUBJECT TO PROTECTIVE ORDER" pursuant to this Order shall be used by a party receiving such material only for purposes related

to this action and for no other purpose, under other restrictions as explained elsewhere in this order. Such confidential materials shall be considered For Attorneys Eyes Only and shall not be made available to the named plaintiffs. Under no circumstances, other than those specifically provided for in this or a subsequent order of this Court, shall the party receiving such material disclose it to persons or entities other than the following:

(a) The Court, pursuant to this Order;

(b) Counsel for a party;

(c) Employees or agents of such counsel assigned and necessary to assist such counsel in the conduct of this litigation;

(d) Fact witnesses at deposition or trial or in preparation for deposition or trial, to the extent that the confidential materials were prepared by, received by, or referenced by name, title, or description by said fact witness; or to the extent that they utilized or are familiar with the information, or techniques referenced in the confidential material; their access to the confidential material is necessary to resolve a material issue of fact in the litigation;

(e) Other persons upon order of this Court or upon stipulation of the party who designated the confidential material in question as "Subject to Protective Order."

6. Prior to receipt of any materials subject to this protective order, any and all counsel of record for a party receiving these materials shall sign and serve the "Confidentiality Undertaking" attached to the Protective Order as Appendix A on all counsel of record for all parties. Unless otherwise specified by a counsel of record for a party, service of the signed "Confidentiality Undertaking" may be completed by e-mail.

7. Prior to disclosing materials subject to the protective order to any other aforementioned individuals designated in subparagraphs 5(a) - (e), counsel for a party must have these individuals sign the "Confidentiality Undertaking" attached hereto as Appendix A. The original signed "Confidentiality Undertaking" completed by any individual designated in

subparagraphs 5(a) - (e) shall be retained by counsel seeking to disclose materials to any individual until these cases are conclusively resolved. These signed "Confidentiality Undertaking" may only be disclosed pursuant to Court order.

8. Each person given access to material designated as "Subject to Protective Order" or information derived therefrom is hereby advised that such material and/or information is being disclosed pursuant and subject to the terms of this Order, may not be disclosed other than pursuant to the terms hereof, and may be used only for purposes related to this action and for no other purposes. Materials designated "Subject to Protective Order" may be disclosed to and discussed with a person identified in subparagraphs 5(a) - (e) only after such person has executed a copy of Appendix A, attached hereto.

### III.  Inadvertent Failure to Designate and Inadvertent Disclosure

9. A producing party may notify the receiving party that a document or information produced in discovery that should have been designated as Confidential Information was inadvertently produced without being designated as such. Upon receiving such notice from the producing party, the party receiving such notice shall immediately treat the documents and information as if it had been so designated and shall place the appropriate designation on the document within five (5) business days of receipt of such notice.

10. If a receiving party discloses Confidential Information to any person not authorized to receive such disclosure the receiving party must, immediately upon learning that such disclosure has been made: (1) inform the producing party that originally designated the information as being within the scope of paragraph 1 of this Order of the disclosure, including the facts and circumstances of such disclosure; and, (2) request the return of the Confidential Information and seek to minimize any further unauthorized disclosure.

**IV. Filing of Confidential Information**

11. Those portions of pleadings, motions, affidavits, declarations, briefs, exhibits, and other papers filed with or submitted to the Court that contain Confidential Information shall be redacted or filed separately with a motion for filing under seal in accordance with LCvR 5.2(H). If filed under seal, the filing shall remain under seal (i) unless otherwise ordered by this Court upon notice to the parties, or (ii) unless the party who originally designated the information included or used in the filing as being within the scope of paragraph 1 of this order consents in writing to its unsealing, in which case the contents of the filing shall be unsealed to the extent of such consent. Pleadings, motions, affidavits, declarations, and briefs may reference sealed exhibits without needing to be sealed so long as they do not disclose any Confidential Information. The parties may choose to file sealed and unsealed versions of the same pleadings, motions, affidavits, declarations, or briefs, with the unsealed version simply redacting any Confidential Information.

12. Except as provided in paragraph 13, prior to using any Confidential Information in open court, counsel shall confer regarding such procedures as are necessary to protect the nondisclosure of the subject discovery material, including, without limitation, providing the party or third-party who originally designated the material as within the scope of paragraph 1 of this Order with an opportunity to move the Court to close the proceedings. Nothing herein, however, shall prevent a party from opposing any such motion to close the proceedings.

13. Nothing in this Order shall be construed as limiting the right of either party to introduce Confidential Information into evidence at trial, subject to the Rules of Evidence and such protections as the presiding Judge may deem appropriate. Either party may approach the Court before trial to propose a plan for the use of Confidential Information at trial. Nothing herein, however, shall prevent any party from opposing any such plan.

## V. Disputing Designation of Confidential Information

14. If any party objects to the designation of materials as Confidential Information made under this Order, the objecting party may notify the designating party of such dispute in writing, specifying by exact Bates number(s) the discovery materials in dispute. Any such notification must occur no later than 45 days before trial.

15. If the parties are unable to amicably resolve the dispute within 21 days after such written notice, either the producing or the objecting party may apply to the Court for a ruling that the confidential material objected to shall (as applicable) be treated or not treated as "Subject to Protective Order" and notice of such motion shall be provided to all other parties. Such motion shall contain a certification that the party has in good faith conferred or attempted to confer with the opposing party in an effort to resolve any disagreement about such designation. Until this Court enters an order determining the status of the confidential material being objected to, such material shall be treated as Confidential Information protected as provided in this Order.

16. Nothing shall prevent disclosure beyond that provided for by this Protective Order if the producing party consents in writing to such disclosure.

## VI. Order Not to Be Construed as a Waiver

17. Nothing in this Order shall be construed as a waiver of a party's right to challenge by motion a party's designation of materials as "Confidential Information" subject to this Protective Order or to challenge a motion to file a document under seal or move to unseal documents so filed. Nothing in this Order is intended to constitute an agreement regarding the scope of discovery. This Order does not constitute a ruling on the question of whether any particular document or category of information is properly discoverable and does not constitute a ruling on any potential objection to the discoverability, relevance, or admissibility of any

documents or other material sought in discovery, and the parties reserve their right to object to discovery on any appropriate ground.

18. This Order does not prevent the parties from asserting any legally cognizable privilege to withhold any document or information or from protecting such document or information from disclosure until any ruling, if needed, on an assertion of privilege. Nor does this order prevent the parties from objecting to or challenging such assertion of privilege. In the event of an assertion of any kind of privilege to withhold any document or information, the party asserting such privilege shall produce a privilege log, as required by Federal Rule of Civil Procedure 26(b)(5). Any inadvertent production of privileged information is governed by the applicable provisions of Rule 26(b)(5).

**VII. Termination of Litigation**

19. The provisions of this Order shall continue to be binding after final termination of this Litigation. Within 45 days after final conclusion of all aspects of this Litigation, including any appeals, any party or person who received Confidential Information must certify to the opposing and producing party that such Confidential Information, (i) has been returned to the producing party, or (ii) has been destroyed (other than documents filed with the Court).

**VIII.  Producing Parties' Reliance on Order**

20. Production of Confidential Information will be made in express reliance upon the terms of this Order.

**IX.  Consent to Jurisdiction**

21. Any person or party receiving any Confidential Information in accordance with any provision of this Order hereby agrees to subject himself or herself to the jurisdiction of the Court for the purpose of any proceedings relating to the performance under, compliance with, or violation of, this Order.

## X. Binding on Parties

22. Execution of this Protective Order by counsel for a party shall constitute a representation by counsel that they, all persons employed by their firm who have access to Confidential Information, and the party or parties they represent will abide by the terms of this Protective Order and will subject themselves to the jurisdiction of this Court for purposes of enforcement and disciplinary action.

Dated: August 31, 2021

/s/ Dan Alban
Dan Alban* (VA Bar No. 72688)
Jaba Tsitsuashvili* (DC Bar No. 1601246)

Institute for Justice
901 North Glebe Rd., Suite 900
Arlington, VA 22203
(703) 682-9320
(703) 682-9321 (fax)
dalban@ij.org
jtsitsuashvili@ij.org

*Admitted Pro Hac Vice

Counsel for Plaintiffs

Respectfully submitted,

BRIAN M. BOYNTON
Acting Assistant Attorney General

BRIGHAM J. BOWEN
Assistant Director
Civil Division, Federal Programs Branch

/s/ Galen N. Thorp
GALEN N. THORP (VA Bar # 75517)
Senior Trial Counsel
ELIZABETH TULIS
Trial Attorney
United States Department of Justice
Civil Division, Federal Programs Branch
1100 L Street NW
Washington, D.C. 20530
Tel: (202) 514-4781 / Fax: (202) 616-8460
galen.thorp@usdoj.gov

Counsel for Government Defendants

**APPENDIX A**

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| REBECCA BROWN, et al., )<br>)<br>Plaintiffs, )<br>)<br>v. )<br>)<br>TRANSPORTATION SECURITY )<br>ADMINISTRATION; et al., )<br>)<br>Defendants. ) | CASE NO. 2:20-cv-00064-LPL |

**CONFIDENTIALITY UNDERTAKING**

I hereby certify that: (i) I have read the Protective Order (the "Order") that has been entered by the Court in the above-captioned matter, and I understand its terms; (ii) I understand that Confidential Information subject to the terms of the Order is being provided to me pursuant to the terms of the Order; (iii) I agree to be fully bound by the provisions of the Order, including its provisions restricting disclosure of Confidential Information under the Order and limiting the use of such material; (iv) I hereby submit to the jurisdiction of the United States District Court for the Western District of Pennsylvania for purposes of enforcement of the Order; and (v) I understand that violation of the Order may be punishable by contempt of Court and may be subject to such further relief as the Court may order.

Dated: _____    Signature: _____

Printed Name: _____