IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| REBECCA BROWN, *et al.*, <br><br> *Plaintiffs*, <br><br> v. <br><br> TRANSPORTATION SECURITY ADMINISTRATION, *et al.*, <br><br> *Defendants*. | Civil Action No. 2:20-cv-64-LPL |

## RENEWED JOINT MOTION FOR PROTECTIVE ORDER

Plaintiffs and Government Defendants jointly move for entry of a protective order under which the Transportation Security Administration (TSA) would share with Plaintiffs' counsel Sensitive Security Information (SSI) designated pursuant to 49 U.S.C. § 114(r) and 49 C.F.R. Part 1520.

1. There is good cause to enter the protective order jointly proposed by Plaintiffs and the Government Defendants. Some of the documents responsive to Plaintiffs' discovery requests include such information, and TSA has determined that it is appropriate under 49 U.S.C. § 114(r) and 49 C.F.R. Part 1520 for Plaintiffs' counsel to receive access to this information.

2. Congress directed the TSA Administrator to prohibit disclosure of information that, among other things, would "be detrimental to the security of transportation." 49 U.S.C. § 114(r)(1); *see also* 49 C.F.R. § 1520.5(b) (specifying categories of information that meet this definition). Under the regulation, TSA provides access to SSI only based on a "need to know" with conditions to protect the information. See 49 C.F.R. § 1520.15(a), (e), (f); *see also id.* § 1520.11(c) (TSA may make access "contingent upon satisfactory completion of a security background check"). The statutory protections afforded to SSI thus differ from the protections for

1

sensitive law enforcement information that is encompassed by the Protective Order entered on September 1, 2021. Dkt. 91. For this reason, TSA's proposed protective order, to which Plaintiffs have agreed, sets out different terms for access to and use of SSI.

3. Under guidance of the Court's February 3, 2022 minute order, the parties have revised the proposed protective order to clarify that any party wishing to file a document under seal must seek leave of court pursuant to Standing Order 05-45 (Jan. 27, 2005).

4. Accordingly, Plaintiffs and the Government Defendants respectfully request that the Court enter the attached proposed protective order.

Dated: February 8, 2022

*/s/ Dan Alban* (by permission)
Dan Alban*
VA Bar No. 72688

Jaba Tsitsuashvili*
DC Bar No. 1601246

Institute for Justice
901 North Glebe Rd., Suite 900
Arlington, VA 22203
(703) 682-9320
(703) 682-9321 (fax)
dalban@ij.org
jtsitsuashvili@ij.org

*Attorneys for Plaintiffs*

*Admitted *Pro Hac Vice*

Respectfully submitted,

BRIAN BOYNTON
Acting Assistant Attorney General

BRIGHAM J. BOWEN
Assistant Director
Civil Division, Federal Programs Branch

*/s/ Galen N. Thorp*
GALEN N. THORP (VA Bar # 75517)
Senior Trial Counsel
United States Department of Justice
Civil Division, Federal Programs Branch
1100 L Street NW
Washington, D.C. 20530
Tel: (202) 514-4781 / Fax: (202) 616-8460
galen.thorp@usdoj.gov

*Counsel for Government Defendants*

**CERTIFICATE OF SERVICE**

I hereby certify that on February 8, 2022, a true and correct copy of the foregoing document was filed electronically with the Clerk of Court using the CM/ECF System, which will send a notice of electronic filing to all counsel of record.

*/s/ Galen N. Thorp*