**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

REBECCA BROWN, *et al*.,

     *Plaintiffs*,

v.

TRANSPORTATION SECURITY
ADMINISTRATION, *et al*.,

     *Defendants*.

Civil Action No. 2:20-cv-64-MJH-LPL

**JOINT MOTION FOR EXTENSION OF CURRENT DISCOVERY PERIOD**

Pursuant to Federal Rule of Civil Procedure 16(b)(4), Local Rule 16.1(B)(5), and the Magistrate Judge's Standing Order Concerning Extension of Discovery, Plaintiffs and Government Defendants jointly move for an extension of the current phase of class and merits discovery. The current phase of discovery is scheduled to close by February 15, 2022, and a status conference is scheduled between the parties and Magistrate Judge Lenihan on February 17, 2022 at 2:00 p.m. to discuss deadlines and parameters for the remainder of discovery. For the reasons stated below, the parties agree that an extension of the current deadline is required. The parties propose May 16, 2022 as the new date for closing this phase of discovery, with a status conference that week, on May 19, 2022, or as the Court's schedule permits.

1.     This is the second request for an extension of discovery deadline and modification of the Court's Initial Scheduling Order.

2.     The Court held an initial scheduling conference on April 22, 2021 and issued an initial scheduling order the same day. *See* Dkt. 86. The Court ordered that "[b]y September 30, 2021 the parties shall complete class and merits discovery on the topics identified in (1), (2), (6) and the policy portions of (5) as described in Plaintiffs' position in paragraph 9 of the parties' 26(f)

1

Report at ECF No. 83." Dkt. 86 ¶ 4. The Court also scheduled a telephone status conference after the close of the initial discovery period, at which "a deadline and parameters will be set for the remainder of discovery as outlined in (3), (4) and the remainder of (5) of Plaintiffs' position in paragraph 9 of the parties' 26(f) Report at ECF No. 83." Dkt. 86 ¶ 5.

      3.     In September 2021, by joint request of the parties, the Court extended the initial discovery period through February 15, 2022. *See* Dkt. 93. As described in that request, the parties had made significant headway in discovery, including the production of documents responsive to Plaintiffs' first round of Rule 34 requests, negotiation of a protective order regarding law enforcement sensitive material in the possession of the DEA Defendants, and initiation of the process for Plaintiffs' counsel to receive access to documents designated by TSA Defendants as containing "Sensitive Security Information" governed by 49 C.F.R. § 1520.15(e). *See* Dkts. 90, 91, 92.

      4.     During the extended discovery period, the parties have proceeded in good faith to meet their discovery obligations. The following has taken place:

**<u>Production of Documents Responsive to Plaintiffs' First Rule 34 Requests</u>**

      a.     On October 20, 2021, Government Defendants produced approximately 700 pages of additional documents responsive to Plaintiffs' first requests for production of documents.

      b.     Also on October 20, 2021, Government Defendants responded in detail to Plaintiffs' letters alleging deficiencies in Government Defendants' responses to Plaintiffs' first requests for production of documents; Government Defendants agreed to conduct certain additional searches for

documents. In this way, the parties have worked to resolve their dispute without court involvement.

c.      In or about the week of February 7, 2022, Government Defendants will produce more than 1,700 additional pages of responsive documents. One factor delaying these productions was that agency counsel for DEA and TSA each contracted COVID-19 this winter, which impaired their ability to assist undersigned counsel for Government Defendants.

**Responding to Plaintiffs' Second Set of Rule 34 Requests**

d.      On January 7, 2022, Plaintiffs served a second round of Rule 34 requests on the Government Defendants. Government Defendants will respond to these requests by February 9, 2022, but the collection, review, and production of any additional responsive documents was not completed by that date.

e.      On January 7, 2022, Plaintiffs also served Rule 30(b)(6) deposition notices on DEA and TSA. However, it would be prejudicial to the parties to conduct these depositions before document productions are complete.

**Access to Statutorily-Protected Sensitive Security Information**

f.      On January 18, 2022, TSA approved two of Plaintiffs' counsel to receive access to documents containing designated "Sensitive Security Information," and the parties have proposed a protective order to govern production and use of that statutorily-protected information. *See* Dkt. 96. Plaintiffs also, on January 25, 2022, requested that a paralegal employed by Plaintiffs' counsel receive access, which was granted on February 4, 2022.

5.      Plaintiffs and Government Defendants jointly seek an extension of the current phase of class and merits discovery for the reasons set forth below:

a.      The time required for approval for access to Sensitive Security Information was outside the control of litigation counsel for the parties, depending on statutory and regulatory procedures independent of this litigation. As a result, Plaintiffs' counsel's requests for access were pending for several months. Plaintiffs' counsel will not be in a position to conduct depositions until after reviewing the documents that will be produced pursuant to the Sensitive Security Information protective order.

b.      DEA Defendants have identified thousands of potentially responsive documents using keyword searches for electronically-stored information (ESI). These documents must be reviewed for responsiveness and privilege. The DEA Defendants are allocating the resources necessary to complete that review by early March. Government Defendants also need additional time to locate, review, and produce any additional documents responsive to Plaintiffs' second set of Rule 34 requests served on January 7, 2022.

c.      After document productions are complete, the Plaintiffs need time to review the documents and the Government Defendants need time to designate and prepare witnesses for the Rule 30(b)(6) depositions in light of the produced documents. Government Defendants have not yet determined how many witnesses will be needed to address the topics specified by Plaintiffs.

    d.       Additional discovery time is also warranted in the event that the parties need assistance from the Court to resolve any disputes about Government Defendants' productions or the scope of the Rule 30(b)(6) depositions.

6.       For all of these reasons, Plaintiffs and Government Defendants respectfully request that the Court:

    a.       Extend the deadline for the close of the current phase of class and merits discovery, from February 15, 2022 to May 16, 2022.

    b.       Vacate the status conference scheduled for February 17, 2022 and reset it to May 19, 2022, or at the Court's convenience thereafter, to address deadlines and parameters for the remainder of discovery.

7.       A proposed order is attached.

8.       If this motion is granted, the parties will complete the following discovery within the extended discovery period:

    a.       Government Defendants intend to complete Rule 34 document productions by March 11, 2022.

    b.       The Rule 30(b)(6) deposition of TSA would be conducted the week of April 18, 2022.

    c.       The Rule 30(b)(6) deposition of DEA would be conducted the week of April 25, 2022.

    d.       In the event that a party disputes the adequacy of the designated Rule 30(b)(6) witnesses, witness testimony identifies additional responsive documents that must be produced, or other disputes arise that may require assistance from the Court, the parties propose to reserve two to three weeks

after the last scheduled Rule 30(b)(6) deposition to complete the current

phase of class and merits discovery on May 16, 2022.

9.    Plaintiffs and Government Defendants understand that absent some extraordinary,

unavoidable, and unforeseeable circumstances (which do not include moving counsel's

preoccupation with other cases), no further extensions for this phase of discovery will be granted,

and the case will proceed forward.

Dated: February 8, 2022                    Respectfully submitted,

/s/ Dan Alban                              BRIAN BOYNTON
Dan Alban*                                 Acting Assistant Attorney General
VA Bar No. 72688
                                           BRIGHAM J. BOWEN
Jaba Tsitsuashvili*                        Assistant Director
DC Bar No. 1601246                         Civil Division, Federal Programs Branch

Institute for Justice                      /s/ Galen N. Thorp
901 North Glebe Rd., Suite 900             GALEN N. THORP (VA Bar # 75517)
Arlington, VA 22203                        Senior Trial Counsel
(703) 682-9320                             United States Department of Justice
(703) 682-9321 (fax)                       Civil Division, Federal Programs Branch
dalban@ij.org                              1100 L Street NW
jtsitsuashvili@ij.org                      Washington, D.C. 20530
                                           Tel: (202) 514-4781 / Fax: (202) 616-8460
*Attorneys for Plaintiffs*                 galen.thorp@usdoj.gov

*Admitted Pro Hac Vice*                    *Counsel for Government Defendants*


# CERTIFICATE OF SERVICE

I hereby certify that on February 8, 2022, a true and correct copy of the foregoing document

was filed electronically with the Clerk of Court using the CM/ECF System, which will send a

notice of electronic filing to all counsel of record.

/s/ Dan Alban