## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF PENNSYLVANIA

REBECCA BROWN, *et al*.,

     *Plaintiffs*,

v.

TRANSPORTATION SECURITY
ADMINISTRATION, *et al*.,

     *Defendants*.

Civil Action No. 2:20-cv-64-MJH-LPL

### JOINT MOTION FOR EXTENSION OF CURRENT DISCOVERY PERIOD

Pursuant to Federal Rule of Civil Procedure 16(b)(4), Local Rule 16.1(B)(5), and the Magistrate Judge's Standing Order Concerning Extension of Discovery, Plaintiffs and Government Defendants jointly move for an extension of the current phase of class and merits fact discovery. The current phase of discovery is scheduled to close by May 16, 2022, and a telephonic status conference is scheduled between the parties and Magistrate Judge Lenihan on May 19, 2022 at 10:00 am to discuss deadlines and parameters for the remainder of discovery. For the reasons stated below, the parties agree that an extension of the current deadline is required to complete depositions already noticed. The parties propose July 7, 2022 as the new date for closing this phase of discovery, with a status conference on July 11, 2022, or as the Court's schedule permits.

1.     This is the third request for an extension of discovery deadline and modification of the Court's Initial Scheduling Order.

2.     The Court held an initial scheduling conference on April 22, 2021 and issued an initial scheduling order the same day. *See* Dkt. 86. The Court ordered that "[b]y September 30, 2021 the parties shall complete class and merits discovery on the topics identified in (1), (2), (6) and the policy portions of (5) as described in Plaintiffs' position in paragraph 9 of the parties' 26(f)

Report at ECF No. 83." Dkt. 86 ¶ 4. The Court also scheduled a telephone status conference after the close of the initial discovery period, at which "a deadline and parameters will be set for the remainder of discovery as outlined in (3), (4) and the remainder of (5) of Plaintiffs' position in paragraph 9 of the parties' 26(f) Report at ECF No. 83." Dkt. 86 ¶ 5.

      2.      During the original discovery period, the parties made significant headway in discovery, including the production of documents responsive to Plaintiffs' first round of Rule 34 requests, negotiation of a protective order regarding law enforcement sensitive material in the possession of the DEA Defendants, and initiation of the process for Plaintiffs' counsel to receive access to documents designated by TSA Defendants as containing "Sensitive Security Information" (SSI) governed by 49 C.F.R. § 1520.15(e). *See* Dkts. 90, 91, 92.

      3.      In September 2021, by joint request of the parties, the Court extended the initial discovery period through February 15, 2022. *See* Dkt. 93.  During this extended discovery period, Government Defendants produced more than 2,400 pages of documents and responded to Plaintiffs' second round of Rule 34 requests.  *See* Dkt. 97.  TSA also approved Plaintiffs' counsel to receive access to documents containing designated SSI pursuant to the protective order negotiated by the parties.  *See* Dkt. 96, 99.

      4.      In February 2022, by joint request of the parties, the Court extended the initial discovery period through May 16, 2022.  *See* Dkt. 98.  During this extended discovery period, the parties have proceeded in good faith to meet their discovery obligations. The following has taken place:

<u>**Production of Documents Responsive to Plaintiffs' Rule 34 Requests**</u>

      a.      On March 11, 2022, Government Defendants produced approximately 1,100 pages of additional documents responsive to Plaintiffs' first and

second requests for production of documents.  Also on March 11, 2022, TSA Defendants produced hundreds of pages of SSI material that had been withheld until after entry of the SSI protective order.

b.     On April 13, 2022, Government Defendants responded to Plaintiffs' third set of requests for production of documents, which had been served on March 14, 2022.

c.     On April 22, 2022, DEA Defendants produced approximately 130 pages of additional documents responsive to Plaintiffs' second requests for production of documents.

d.     On April 29, 2022, DEA Defendants produced or identified as withheld on the basis of privilege approximately 2700 pages of additional documents located in response to keyword searches of electronically stored information (ESI).  This production was delayed due to staffing and training personnel to review the potentially responsive material.

e.     Also on April 29, 2022, DEA Defendants produced additional material that had been listed on their March 11, 2022 privilege log because it concerned an Office of Inspector General (OIG) audit of DEA's confidential source policies, after OIG review and DEA's determination that some additional information could be released without compromising the law enforcement privilege for the confidential source policies.

f.     Between April 13 and April 22, the parties also exchanged letters regarding alleged deficiencies in Government Defendants' document productions, followed by conference calls on April 22, 25, 27, and 28 in an effort to

narrow any disputes that might require involvement from the Court. These disputes primarily involve the production of agency emails regarding agency policies and practices. The parties will continue to confer regarding those alleged deficiencies, and if necessary, request a conference with the Court within the extended discovery period proposed below.

**Preparing for Rule 30(b)(6) Depositions**

g.   On January 7, 2022, Plaintiffs served Rule 30(b)(6) deposition notices on DEA and TSA.  The parties had agreed to conduct these depositions after document productions were completed.  *See* Dkt. 97.

h.   Beginning April 7, 2022, the parties met and conferred by letter and teleconference regarding the noticed Rule 30(b)(6) deposition topics in an effort to clarify the scope of the depositions without need to involve the Court.

**Other Discovery Requests**

i.   On April 15, 2022, Government Defendants served Rule 36 requests for admission on Plaintiffs, with responses due May 16, 2022.

5.   Plaintiffs and the Government Defendants jointly seek an extension of the current phase of class and merits discovery for the reasons set forth below:

a.   TSA Defendants determined on April 27, 2022 that it needed to designate different witnesses to sufficiently address the topics noticed for TSA's Rule 30(b)(6) deposition, which made it necessary to postpone the deposition scheduled for April 29, 2022.

4

      b.      DEA Defendants were unable to complete production until April 29, 2022, of responsive documents from among thousands of potentially responsive documents identified using keyword searches for electronically-stored information (ESI).

      c.      DEA's Rule 30(b)(6) deposition is currently scheduled for May 11, 2022. Due to witness availability, the press of other matters, and counsel's personal leave that had been scheduled around the expected depositions, the TSA Rule 30(b)(6) deposition cannot be completed within the existing discovery period or before the end of May 2022.  Instead, the best available time is between June 14-17, 2022.

      d.      On April 28 and 29, 2022, Plaintiffs noticed the depositions of three fact witnesses.  While one of these depositions can proceed on May 13, 2022, the best available dates for the two depositions noticed for May 16, 2022, are June 27 and July 7, 2022.

      e.      The parties will attempt to resolve the disputes regarding the alleged deficiencies in Government Defendants' document production, described above.

6.      For all of these reasons, Plaintiffs and Government Defendants respectfully request that the Court:

      a.      Extend the deadline for the close of the current phase of class and merits fact discovery, from May 16, 2022 to July 7, 2022, to complete depositions already noticed and to attempt to resolve outstanding disputes regarding alleged deficiencies in Government Defendants' document productions.

5

      b.      Vacate the status conference scheduled for May 19, 2022 and reset it to July 11, 2022, or at the Court's convenience thereafter, to address deadlines and parameters for the remainder of discovery.

7.      A proposed order is attached.

8.      If the motion is granted, the parties will complete the following discovery within the extended discovery period:

      a.      The Rule 30(b)(6) deposition of DEA would be conducted on May 11, 2022.

      b.      The deposition of TSA employee Eric Chin as a fact witness would be conducted on May 13, 2022.

      c.      The Rule 30(b)(6) deposition of TSA would be conducted the week of June 13, 2022.

      d.      The deposition of DEA employees Sean Kocher and Eli Sautter as fact witnesses would be conducted on June 27 and July 7, 2022.

      e.      Attempt to resolve outstanding disputes regarding alleged deficiencies in Government Defendants' document productions.

9.      Plaintiffs and Government Defendants understand that absent some extraordinary, unavoidable and unforeseeable circumstances (which do not include moving counsel's preoccupation with other cases), no further extensions for this stage of discovery will be granted, and the case will proceed forward.

Dated: May 4, 2022

/s/ *Dan Alban* (by permission)
Dan Alban*
VA Bar No. 72688

Jaba Tsitsuashvili*
DC Bar No. 1601246

Institute for Justice
901 North Glebe Rd., Suite 900
Arlington, VA 22203
(703) 682-9320
(703) 682-9321 (fax)
dalban@ij.org
jtsitsuashvili@ij.org

*Attorneys for Plaintiffs*

*Admitted Pro Hac Vice*

Respectfully submitted,

BRIAN BOYNTON
Acting Assistant Attorney General

BRIGHAM J. BOWEN
Assistant Director
Civil Division, Federal Programs Branch

/s/ *Galen N. Thorp*
GALEN N. THORP (VA Bar # 75517)
Senior Trial Counsel
United States Department of Justice
Civil Division, Federal Programs Branch
1100 L Street NW
Washington, D.C. 20530
Tel: (202) 514-4781 / Fax: (202) 616-8460
galen.thorp@usdoj.gov

*Counsel for Government Defendants*

## CERTIFICATE OF SERVICE

I hereby certify that on May 4, 2022, a true and correct copy of the foregoing document was filed electronically with the Clerk of Court using the CM/ECF System, which will send a notice of electronic filing to all counsel of record.

/s/ Galen N. Thorp