IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| REBECCA BROWN and AUGUST TERRENCE ROLIN, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>TRANSPORTATION SECURITY ADMINISTRATION, et al.,<br><br>Defendants. | Civil Action No. 2:20-cv-64-MJH-LPL |

**INDIVIDUAL DEFENDANT STEVE DAWKIN'S UNOPPOSED MOTION FOR SUPERVISING COUNSEL TO APPEAR AT THE JULY 14 STATUS CONFERENCE**

Defendant Steve Dawkin, sued in his individual capacity, requests permission for Senior Trial Counsel Mary Hampton Mason to appear on his behalf at the July 14, 2022, status conference, and states as follows:

1. On August 28, 2020, Defendant Steve Dawkin moved to dismiss Count V in the Amended Complaint, which purports to seek money damages against him in his individual capacity pursuant to Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971). See ECF No. 47 (Motion to Dismiss). That motion sought dismissal on two independent grounds: (1) that multiple special factors counseled against extending Bivens to the new context presented; and (2) the failure to allege Defendant Dawkin's involvement in a clearly established constitutional violation entitled him to qualified immunity. See generally ECF No. 48 (Brief in Support of Motion to Dismiss).

2.	On March 30, 2021, the Court granted Defendant Dawkin's motion to dismiss the individual-capacity claim in Count V, finding it was inappropriate to recognize a <u>Bivens</u> remedy in this case.  <u>See</u> ECF No. 78 (Opinion Adopting in Part Report and Recommendation), at 4-6.  The Court did not reach the qualified-immunity question.  <u>Id.</u> at 6-7.

3.	Although the Court dismissed Count V, there has been no entry of final partial judgment as to that claim under Rule 54(b) of the Federal Rules of Civil Procedure.

4.	Accordingly, in an abundance of caution, counsel for Defendant Dawkin has continued to monitor the litigation while Plaintiffs' claims against the United States proceed through discovery, and previously appeared by telephone at the Initial Case Management Conference on April 22, 2021.

5.	At the Initial Case Management Conference, undersigned counsel indicated Defendant Dawkin's position that to the extent any discovery will be directed at Dawkin, such discovery is improper until his entitlement to qualified immunity is conclusively resolved.  <u>See</u> ECF No. 85 (Minute Entry, Initial Case Management Conference); <u>see also</u> <u>Harlow v. Fitzgerald</u>, 457 U.S. 800, 818-819 (1982) (explaining that "discovery should not be allowed" until it is determined that the plaintiff has properly stated a claim for the violation of a clearly established constitutional right); <u>accord</u> <u>Crawford-El v. Britton</u>, 523 U.S. 574, 587-88 (1998).

6.	The Court has thus far limited discovery to "class and merits discovery on the topics identified in (1), (2), (6), and the policy portions of (5) as described in Plaintiffs' position paragraph 9 of the parties' 26(f) Report at ECF No. 83."  ECF No. 86 (Initial Scheduling Order), at ¶ 4.  At the close of this initial discovery period, the Court will hold another conference to set deadlines and parameters "for the remainder of discovery as outlined in (3), (4) and the remainder of (5) of Plaintiffs' position in paragraph 9 of the parties' Rule 26(f) Report at ECF No. 83."  <u>Id.</u> ¶ 5.

7.	A conference to set new deadlines and parameters for remaining discovery is scheduled for July 14, 2022, at 3:00 p.m.  See ECF No. 101.

8.	Although Defendant Dawkin has been dismissed from the case, he still has an interest in attending to this litigation—particularly regarding the scope of remaining discovery, to the extent that any such discovery is directed at him before the threshold questions of the availability of a Bivens remedy and qualified immunity are resolved—absent entry of final partial judgment and any related appeal.  Accordingly, counsel for Defendant Dawkin intends to appear at the upcoming July 14 conference in an abundance of caution, in the event such discussion arises.

9.	The undersigned counsel will be in trial in Ramirez v. Reddish, No. 18-cv-176-LAB-MEH (D. Utah) in Salt Lake City during the week of July 11th.  Accordingly, Defendant Dawkin respectfully requests that Senior Trial Counsel Mary Hampton Mason, the Justice Department's primary supervising attorney on the individual-capacity claims in this case, be permitted to attend the video conference on behalf of Defendant Dawkin.

10.	Plaintiff's counsel as well as counsel for the United States do not oppose the foregoing request.

Dated: July 1, 2022	Respectfully submitted,

BRIAN M. BOYNTON
Principal Assistant Attorney General,
Civil Division

C. SALVATORE D'ALESSIO, JR.
Acting Director
Torts Branch, Civil Division

MARY HAMPTON MASON
Senior Trial Counsel, Torts Branch

/s/ David Inkeles
DAVID W. INKELES
Trial Attorney (NY Bar No. 5511068)*

United States Department of Justice
Torts Branch, Civil Division
P.O. Box 7146, Ben Franklin Station
Washington, D.C. 20044-7146
Tel: (202) 305-0401
Fax: (202) 616-4314
E-mail: david.w.inkeles@usdoj.gov
*Counsel for Steven Dawkin*

*Admitted *Pro Hac Vice*