# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| REBECCA BROWN, et al, | ) | |
| Plaintiffs, | ) ) ) | Civil Action No. 2:20-cv-00064 |
| v. | ) ) ) | Magistrate Judge Lisa Pupo Lenihan |
| TRANSPORTATION SECURITY ADMINISTRATION, et al, | ) ) ) | |
| Defendants. | ) ) | |

## VIDEO STATUS CONFERENCE
Before Magistrate Judge Lisa Pupo Lenihan

| **PARTY** | | **COUNSEL** |
|---|---|---|
| Rebecca Brown<br>August Terrence Rolin<br>Stacy Jones-Nasr<br>Matthew Berger | Plaintiffs | Daniel Alban<br>Jaba Tsitsuashvili<br>Brian Morris |
| Transportation Security Administration<br>David P. Pekoske<br>Drug Enforcement Administration<br>Timothy J. Shea<br>United States of America | Defendants | Elizabeth Tulis<br>Doug Cash<br>Jill McCann |
| Steve Dawkin | Defendant | Mary Hampton Mason |

Date: July 14, 2022, at 3:00 PM

Court Reporter: Marsia Balobeck

Law Clerk: Jane Rodes

Plaintiffs submitted via email, and Defendants responded, various discovery issues with electronic documents and a 30(b)(6) deposition. A robust discussion took place, during which Plaintiffs argued that Defendants have refused to produce the requested discovery and have even refused to cooperatively develop a list of search terms and identify who will be searched. Defendants argued that the requests were not relevant, were overly burdensome and not

proportional. The Court decided that the discovery was relevant, and the issue in dispute is the proportionality of the discovery.

The Court strongly suggests the appointment of an e-discovery special master and advised that the Western District had a system for this as well as a list of qualified persons. Plaintiffs were agreeable to this, but Defendants were not. The parties were encouraged to review this and potential masters on the Court's website.

While this is under consideration, counsel are to meet and confer and 1) jointly develop a list of search terms; 2) develop a custodian list and 3) run the search terms to see how many hits there were. This would be done for both TSA and DEA separately. Defendant argued that even running it would be overly burdensome. The Court ordered counsel to complete steps 1 and 2 and if they could not agree, develop separate lists, and discuss doing step 3. They were to also discuss with their clients the concept of an e-discovery special master. The Court determined that the relevant time frame for the e-discovery for now would be from 2014 to the date of filing the Complaint. A zoom conference is set for **August 9, 2022, at 10:00 AM** to discuss progress and next steps.

There was also an issue with a 30(b)(6) deposition regarding the bounding box. The Court found that the issues regarding the bounding box are relevant. Specifically, things such as how the parameters for triggering it were determined, did this include identifying cash and why, etc. Defendants are to identify a 30(b)(6) witness on this topic.

Counsel for Dawkin informed the court that he intends to move for 50(b) partial judgement to have him removed from the case. The Court advised Plaintiff's counsel and Ms. Mason to have a conversation to try to reach an agreement. If not possible, Dawkin may file whatever motion he believes necessary.