IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

|  |  |
|---|---|
| REBECCA BROWN and AUGUST TERRENCE ROLIN, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>TRANSPORTATION SECURITY ADMINISTRATION, et al.,<br><br>Defendants. | Civil Action No. 2:20-cv-64-MJH-LPL |

## STIPULATED MOTION FOR ENTRY OF FINAL JUDGMENT UNDER RULE 54(b)

Pursuant to Rule 54(b) of the Federal Rules of Civil Procedure, Defendant Steve Dawkin moves for entry of final judgment as to Count V in the First Amended Complaint, the sole claim asserted against Defendant Dawkin in his individual capacity. Plaintiffs stipulate to entry of final judgment on Count V, and Defendant Dawkin states the following in support of this motion:

1. Rule 54(b) provides in pertinent part that "when multiple parties are involved" in a single action, and "there is no just reason for delay," a court "may direct entry of a final judgment as to one or more, but fewer than all, claims or parties." The rule "allows a district court dealing with multiple claims or multiple parties to direct the entry of final judgment as to fewer than all of the claims or parties" upon fully adjudicating those claims and making an express determination that "there is no just reason for delay." Curtiss-Wright Corp. v. Gen. Elec. Co., 446 U.S. 1, 3 (1980).

2. On March 30, 2021, this Court dismissed Count V in the First Amended Complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.  See ECF No. 78 (Opinion Adopting in Part Report and Recommendation), at 4-6; ECF No. 79 (Order on Opinion), at 2.

3. That dismissal constitutes a final judgment on the merits because it is "an ultimate disposition on a cognizable claim for relief," i.e., it conclusively resolved Plaintiffs' sole Bivens claim against Defendant Dawkin in his individual capacity.  Curtiss-Wright, 446 U.S. at 7.

4. There is also "no just reason for delay" in entering final judgment as to Count V. Id. at 8.  As an initial matter, administrative interests counsel in favor of a Rule 54(b) certification because Count V is "separable from the [claims] remaining to be adjudicated."  Id.  Count V ran against Defendant Dawkin personally, whereas the remaining claims (Counts I-III) rest solely against the United States government.  Apart from suing distinct parties, the two sets of claims turn on different legal standards and were adjudicated on different grounds.  The Court dismissed Count V based on a threshold determination regarding the unavailability of a Bivens remedy, which is a legal determination that has no bearing on the Court's decision on the remaining claims against the United States, all of which arise under the Administrative Procedure Act.  The distinct nature of Count V against Defendant Dawkin in his individual capacity as compared to the APA claims that remain to be adjudicated against the United States is "such that no appellate court would have to decide the same issues more than once even if there were subsequent appeals."  Id. In other words, there no "possibility that the reviewing court might be obliged to consider the same issue a second time" in the event subsequent appeals are taken. See Berckeley Inv. Group, Ltd. v. Colkitt, 455 F.3d 195, 203 (3d Cir. 2006).

6.  In accordance with the Court's guidance at the July 14, 2022, discovery conference, ECF No. 108, counsel for Defendant Dawkin and counsel for Plaintiffs conferred on this matter and Plaintiffs have agreed that they stipulate to entry of final judgment as to Count V. Counsel for Defendant Dawkin has also conferred with the counsel for the United States, who has no objection to this stipulation.

7.  For these foregoing reasons, Defendant Dawkin respectfully requests that the Court find that "there is no just reason for delay" in entering final judgment as to Count V, the sole claim asserted against him in his individual capacity.  See Fed. R. Civ. P. 54(b).  A proposed order is attached.

Dated: July 19, 2022

Respectfully submitted,

BRIAN M. BOYNTON
Principal Assistant Attorney General,
Civil Division

C. SALVATORE D'ALESSIO, JR.
Acting Director
Torts Branch, Civil Division

MARY HAMPTON MASON
Senior Trial Counsel, Torts Branch

/s/ *David Inkeles*
DAVID W. INKELES
Trial Attorney (NY Bar No. 5511068)*
United States Department of Justice
Torts Branch, Civil Division
P.O. Box 7146, Ben Franklin Station
Washington, D.C. 20044-7146
Tel:  (202) 305-0401
Fax:  (202) 616-4314
E-mail:  david.w.inkeles@usdoj.gov
*Counsel for Steven Dawkin*

*Admitted *Pro Hac Vice*