IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

REBECCA BROWN, *et al.*,

    *Plaintiffs*,

v.

    Civil Action No. 2:20-cv-64-MJH-LPL

TRANSPORTATION SECURITY
ADMINISTRATION, *et al.*,

    *Defendants*.

## ORDER APPOINTING SPECIAL MASTER FOR E-DISCOVERY

This is a case brought under the Administrative Procedure Act, 5 U.S.C. §§ 701-706, for which the Court has determined that discovery is necessary to determine the existence of the alleged agency policies or practices challenged in the complaint. Given the complex technical nature of discovery in this case, the Court would be aided by an expert advisor with specialized knowledge in the areas including, but not limited to, e-discovery and experience with electronically stored information ("ESI").

The Court, upon consideration of the parties' proposals and recommendations regarding the appointment of a Special Master in this case, along with "the fairness of imposing the likely expenses on the parties" and appropriate steps to "protect against unreasonable expense or delay," Fed. R. Civ. P. 53(a)(3), hereby **ORDERS** as follows:

1. Pursuant to Rule 53 of the Federal Rules of Civil Procedure, and exercising its inherent powers, the Court hereby **APPOINTS** Cecilia R. Dickson as **Special Master for ESI** in this action, effective upon Ms. Dickson's filing an affidavit with the Court as required by Rule

53(b)(3)(A) of the Federal Rules of Civil Procedure stating that there are no grounds for disqualification under 28 U.S.C. § 455.

2. The Special Master shall proceed with all reasonable diligence to manage and supervise ESI discovery and resolve all issues regarding such discovery and other matters requested by the Court.

3. The Special Master shall have the authority outlined in Rule 53(c) of the Federal Rules of Civil Procedure, except that the Special Master may only recommend sanctions provided by Rule 37 or 45 to the Court.

4. The duties of the Special Master will include the following as well as additional duties and authority that may be assigned by the Court:

> a) The Special Master will manage ESI discovery and will have broad authority to hear and resolve any issue that may arise regarding ESI discovery.
>
> b) The Special Master will resolve issues related to technical ESI matters including, but not limited to, identification, preservation, collection, processing, review, analysis, production and other related ESI issues.
>
> c) The Special Master will submit orders, reports, or recommendations with the Court as outlined below.

5. The Special Master may communicate with counsel for a party *ex parte* regarding (a) purely procedural or scheduling matters; or (b) resolution of privilege or similar questions, in connection with *in camera* inspections, upon notice to other parties. The Special Master may communicate with the Court *ex parte* on all matters related to this appointment and duties of the Special Master. The Special Master shall have the same protections from being compelled to give testimony and from liability for damages as those afforded judges performing similar functions.

6. The Special Master will submit proposed orders, reports, or recommendations to the parties before submission of final orders, reports, or recommendations to the Court. The parties will submit any objections to the Special Master for consideration, and also submit same to opposing counsel, within seven (7) days, unless the Special Master permits a greater time to file. The Special Master will communicate with the parties and attempt to resolve any objections before completing and submitting finalized orders, reports, or recommendations to the Court. The Special Master shall file via Electronic Case Filing (ECF) any orders, reports, or recommendations submitted to the Court. Said filing shall satisfy the service requirement of Fed. R. Civ. P. 53(d) and (e).

7. A party may file objections to, or a motion to adopt or modify, the Special Master's final order, report, or recommendations. The parties have fourteen (14) days after the order, report, or recommendation is filed with the Court to object, fourteen (14) days to respond, and five (5) days to reply, unless the Court enters an order allowing a greater time to file. Objections shall be specific and accompanied by a memorandum describing the legal and factual basis for the objection. Review by the Court will be subject to the standards set forth in Fed. R. Civ. P. 53(f). If no party timely objects, the Special Master's ruling shall be approved, accepted, and ordered by the Court.

8. The Special Master shall maintain files consisting of all documents the parties submit and any other materials that form the basis for any orders, reports, or recommendations.

9. The Special Master's period of service will end when the court assigned duties are completed or the Court terminates the appointment, whichever comes first.

10. The Special Master will keep detailed records of time and expenses. The Special Master will bill time at the standard rate of $390/hour. Reasonable out-of-pocket expenses will be reimbursed as incurred. The Special Master will provide detailed regular invoices for time and

expenses. The invoices shall be evenly split, with defendants responsible for fifty percent and plaintiffs responsible for fifty percent. The invoices will be submitted directly to the counsel for the parties who shall initiate the payment process within fourteen (14) days of receipt.

**IT IS ORDERED.**

SIGNED this _____ day of _____, 2022.

_____
**HONORABLE LISA PUPO LENIHAN**
**UNITED STATES MAGISTRATE JUDGE**