IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| REBECCA BROWN, et al., | ) |
| | ) |
| Plaintiffs, | ) 2:20-CV-00064-MJH-KT |
| | ) |
| vs. | ) |
| | ) ECF No. 155 |
| TRANSPORTATION SECURITY ADMINISTRATION, et al., | ) |
| | ) |
| Defendants. | ) |

**REPORT AND RECOMMENDATION**

**I.    RECOMMENDATION**

For the following reasons, it is respectfully recommended that Defendants' Partial Motion to Dismiss, ECF No. 155, be granted.

**II.    REPORT**

**A.    Procedural History**

Plaintiffs, Rebecca Brown, Auguste Terrence Rolin, Stacy Jones-Nasr, and Matthew Berger ("Plaintiffs"), allege that their persons and effects, including their cash, were successively seized by Defendants Transportation Security Administration ("TSA") and Drug Enforcement Administration ("DEA"), without probable cause or reasonable suspicion of criminal conduct on their part, based on alleged policies or practices on the part of TSA to detain domestic air travelers found through security screenings to be in possession of large sums of cash, and on the part of DEA to continue or resume such detention in order to seize such cash for civil forfeiture. ECF No. 43, *generally*. Since the commencement of this action, agency administrators have changed. Pursuant to Federal Rule of Civil Procedure 25(d), Adam Stahl was substituted for former

Administrator David P. Pekoske and Acting Administrator of the Drug Enforcement Administration Derek S. Maltz was substituted for former Administrator Anne Milgram.

In their First Amended Complaint, Plaintiffs asserted the following five claims: a class claim under the Administrative Procedure Act, 5 U.S.C. §§ 701-06 ("APA") for *ultra vires* conduct against TSA, Pekoske and the United States (Count I); a class claim for unconstitutional conduct under the APA and the Fourth Amendment against TSA, Pekoske and the United States (Count II); a class claim for unconstitutional conduct under the APA and the Fourth Amendment against DEA, Shea and the United States (Count III); individual claims by Plaintiffs Brown and Rolin for return of interest on seized cash against DEA, Shea and the United States (Count IV); and individual damages claims by Plaintiffs Brown and Rolin under *Bivens v. Six Unknown Fed. Narcotics Agents*, 403 U.S. 388 (1971) against Defendant Dawkin (Count V).  ECF No. 43. Following an initial round of Motions to Dismiss, Counts IV and V were dismissed and Defendant Dawkin was terminated from the docket.  *See* ECF Nos. 47, 55, 78.

Pending before the Court, now, is Defendants' Partial Motion to Dismiss Count III for lack of jurisdiction.  ECF No. 155.  Defendants submit that the claim is moot because the DEA's transportation interdiction program ("TIP"), that included the alleged policies and procedures that Plaintiffs challenge, has been suspended.  ECF No. 155 at 13-20.  Alternatively, Defendants offer prudential mootness as another ground for dismissal, and finally, suggest that the claim asserted against them should remain stayed, and that they continue to submit regular status reports, to maintain the status quo.  *Id*. at 23-24.  Plaintiffs do not oppose continuing with the stay, but argue against dismissal of Count III based on the possibility that the program that violated their rights in the first place could be reinstated "with the stroke of a pen."  ECF No. 160 at 26-27.

B. **Factual Background**

The Parties are well-versed with the facts of this case obviating the need for a lengthy recitation here. Pertinent to the Court's discussion is a November 12, 2024 Memorandum issued by the Deputy Attorney General, ordering the DEA to suspend all transportation-facility consensual encounters (with few exceptions that are inapplicable here), and a January 8, 2025 Memorandum issued by the DEA Administrator permanently terminating the entire TIP. ECF No. 155 at 8.[1]

C. **Legal Standard**

Motions to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(1) challenge the Court's "very power to hear the case." *See Mortenson v. First Fed. Sav. & Loan Ass'n*, 549 F.2d 884, 891 (3d Cir. 1977). Under Fed. R. Civ. P. 12(b)(1), "a court must grant a motion to dismiss if it lacks subject-matter jurisdiction to hear a claim." *In re Schering Plough Corp. Intron/Temodar Consumer Class Action*, 678 F.3d 235, 243 (3d Cir. 2012). Rule 12(b)(1) motions can raise either a facial or factual challenge to the Court's subject-matter jurisdiction. *Davis v. Wells Fargo*, 824 F.3d 333, 346 (3d Cir. 2016). A facial attack challenges the sufficiency of the pleadings, while a factual attack challenges the sufficiency of jurisdictional facts. *Lincoln Ben. Life Co. v. AEI Life, LLC*, 800 F.3d 99, 105 (3d Cir. 2015). In resolving a facial attack, the Court must accept the plaintiff's well-pleaded factual allegations as true and draw all reasonable inferences in the plaintiff's favor. *In re Horizon Healthcare Servs. Inc. Data Breach Litig.*, 846 F.3d 625, 633 (3d Cir. 2017). When resolving a factual attack, however, the Court may weigh and consider evidence

---

[1] FN: On January 20, 2025, Plaintiffs filed a motion that included an article from *The Capitol Forum* that discusses the instant lawsuit and suggests that a potential reinstatement of TIP is under consideration. ECF No. 218-1. The contents of that article do not change the analysis set forth herein.

outside the pleadings. *Gould Elecs. Inc. v. United States*, 220 F.3d 169, 176 (3d Cir. 2000). As the party asserting jurisdiction, it is Plaintiffs' burden to show that this Court has jurisdiction over their claims. *See Dev. Fin. Corp. v. Alpha Housing & Health Care*, 54 F.3d 156, 158 (3d Cir. 1995).

### D. Discussion

#### Mootness

"[A] case is moot when the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome." *Powell v. McCormack*, 395 U.S. 486, 496 (1969). A court's ability to grant effective relief lies at the heart of the mootness doctrine. *County of Morris v. Nationalist Mvmt.*, 273 F.3d 527, 533 (3d Cir. 2001); *see also In re Material Witness Warrant Nichols*, 77 F.3d 1277, 1279 (10th Cir. 1996) (noting that mootness means that it would be impossible to grant the petitioner any meaningful relief on his claims). Thus, "[i]f developments occur during the course of adjudication that eliminate a plaintiff's personal stake in the outcome of a suit or prevent a court from being able to grant the requested relief, the case must be dismissed as moot." *Blanciak v. Allegheny Ludlum Corp.*, 77 F.3d 690, 698-99 (3d Cir. 1996). As District Judge Baxter recently explained:

> 'A case might become moot if subsequent events made it absolutely clear that the allegedly wrongful behavior could not reasonably be expected to recur.' *United States v. Gov't of Virgin Islands*, 363 F.3d 276, 285 (3d Cir. 2004) (quoting *United States v. Concentrated Phosphate Export Assn.*, 393 U.S. 199, 203 (1968)) (internal citations omitted.). The burden is high, and the reason for it is that "[t]he Constitution deals with substance," not strategies. *Fed. Bureau of Investigation v. Fikre*, 601 U.S. 234, 241 (2024) (quoting *Cummings v. Missouri*, 71 U.S. 277, 325 (1867)). Were the rule more forgiving, a defendant might suspend its challenged conduct after being sued, win dismissal, and later "pick up where it left off, repeating this cycle ...." *Already, LLC v. Nike, Inc.,* 568 U.S. 85, 91 (2013).

4

*Niles v. BT Erie Hotel LP*, No. 1:24-CV-0045, 2024 WL 5202266, at *5 (W.D. Pa. Dec. 23, 2024).

There are two exceptions that may preclude the finding of mootness: voluntary cessation doctrine and the "capable of repetition yet evading review" exceptions. Voluntary cessation

> "will moot a case only if it is 'absolutely clear that the allegedly wrongful behavior could not reasonably be expected to recur." *Fields v. Speaker of the Pa. House of Representatives*, 936 F.3d 142, 161 (3d Cir. 2019) (quoting *Parents Involved in Cmty. Sch. v. Seattle Sch. Dist. No. 1*, 551 U.S. 701, 719, 127 S.Ct. 2738, 168 L.Ed.2d 508 (2007)). When a plaintiff seeks declaratory relief, a defendant arguing mootness must show that there is no reasonable likelihood that a declaratory judgment would affect the parties' future conduct. *See, e.g.*, *Rhodes v. Stewart*, 488 U.S. 1, 4, 109 S.Ct. 202, 102 L.Ed.2d 1 (1988) (per curiam); *United States v. Gov't of the V.I.*, 363 F.3d 276, 285 (3d Cir. 2004)

*Hartnett v. Pennsylvania State Educ. Ass'n*, 963 F.3d 301, 306 (3d Cir. 2020). The "capable of repetition yet evading review" exception is

> "narrow" and "applies only in exceptional situations," *Hamilton v. Bromley*, 862 F.3d 329, 335 (3d Cir. 2017), where "(1) the challenged action is in its duration too short to be fully litigated prior to cessation or expiration, and (2) there is a reasonable expectation that the same complaining party will be subject to the same action again," *Id*. There must be more than a theoretical possibility of the action occurring against the complaining party again; it must be a reasonable expectation or a demonstrated probability. *Murphy v. Hunt*, 455 U.S. 478, 482, 102 S.Ct. 1181, 71 L.Ed.2d 353 (1982).

*Cnty. of Butler v. Governor of Pennsylvania*, 8 F.4th 226, 231 (3d Cir. 2021).

Here, the termination of the TIP falls squarely within the ambit of the types of developments that render a case moot because Plaintiffs can no longer be granted the relief – injunctive and declaratory – they seek. As articulated in the January 8, 2025 Memorandum, following an internal review, the interdiction program on which Plaintiffs' claim at Count III is based was terminated because "it became clear that the TIP is not an effective way to utilize

[DEA's] limited resources." ECF No. 155-1 at 2. With the termination of this program, the Special Agents in Charge were instructed to "redeploy those resources to global supply chain and illicit finance investigations." *Id*. While Plaintiffs cite to *Fikre* in support of their position that the policy can be reinstated at any time, their reliance on this case is misplaced. In *Fikre*, the United States Supreme Court found that the Government's representation that the plaintiff "will not be placed on the No Fly List in the future based on the currently available information" was insufficient to render the case moot because the Court determined that the declaration containing this representation "falls short of demonstrating that [the government] cannot reasonably be expected to do again in the future what it is alleged to have done in the past." *Fikre*, 601 U.S. at 242.

Here, the January 8th Memorandum was a formal, detailed, agency-wide directive that terminated the TIP program, and by extension, the challenged policies and procedures that Plaintiffs claim violated their rights. This Memorandum also provided:

> If an exigent circumstance arises in which it would be appropriate to conduct a consensual encounter that otherwise would be prohibited, such an encounter may be approved by the Administrator provided prompt notice is given to the Office of the Deputy Attorney General, the consensual encounter complies with law and current DEA policy and is appropriately documented regardless of its investigative outcome.

ECF No. 155-1 at 4. This protocol, in essence, removes the possibility of an arbitrary revival of the challenged procedures.

Finally, neither the voluntary cessation doctrine nor the "capable of repetition yet evading review" exception to mootness is applicable. By virtue of the January 8th Memorandum that terminated the TIP and redistributed the "limited resources" available to the DEA, Defendants have adequately shown "that the practice cannot reasonably be expected to recur," *Fikre*, 601 U.S. at 241, such that the voluntary cessation doctrine does not apply. The "capable of repetition yet

6

evading review" exception to mootness is inapplicable because there is no more than a theoretical possibility of the challenged policies and procedures being included in any future TIP programs that may (or may not) be instituted, falling short of being a "reasonable expectation or a demonstrated probability" as contemplated by case law. *See Murphy*, 455 U.S. at 482.

Accordingly, Count III should be dismissed as moot.[2]

### III. CONCLUSION

For the reasons discussed above, it is respectfully recommended that Defendants' Motion to Dismiss Count III be granted and that it be dismissed as moot. Per Defendants' request, this dismissal should be without prejudice.

In accordance with the Magistrate Judges Act, 28 U.S.C. § 636(b)(1)(B) and (C), and Rule 72.D.2 of the Local Rules of Court, the parties are allowed fourteen (14) days from the date of service of a copy of this Report and Recommendation to file objections. Any party opposing the objections shall have fourteen (14) days from the date of service of objections to respond thereto. Failure to file timely objections will constitute a waiver of any appellate rights.

Dated: January 29, 2026

                        BY THE COURT

                        /s/ Kezia O. L. Taylor
                        KEZIA O. L. TAYLOR
                        United States Magistrate Judge

---

[2] Given this recommendation, the Court need not engage in further discussion related to prudential mootness.